Naomi Shuneda STERRETT, Appellant,

v.

Gary R. JACOBS, M.D., P.A., Phil Hawner, M.D., East Texas Plastic Surgery Associates, P.A. and Cosmetic Surgery Association of East Texas, Appellees.

No. 06–02–00176–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 18, 2003.

Decided Oct. 2, 2003.

Robert D. Bennett, Matthew R. Patton IV, Robert D. Bennett & Associates, PC, Gilmer, for appellant.

Reid Wm. Martin, Sammons & Parker, PC, Tyler, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Naomi Shuneda Sterrett appeals the granting of a take-nothing summary judgment in favor of the appellees, Gary Jacobs, M.D., P.A., Phil Hawner, M.D., East Texas Plastic Surgery Associates, P.A., and Cosmetic Surgery Association of East Texas. Jacobs and Hawner are partners in East Texas Plastic Surgery Associates, P.A., and do business as Cosmetic Surgery Association of East Texas. In a single point of error, Sterrett contends there was "sufficient evidence to place this matter before a finder of fact." We affirm the judgment.

Sterrett's pleading at trial alleges she retained Jacobs and Hawner to perform a subglandular bilateral replacement of breast implants. She sought to correct problems associated with her existing implants, which included the visibility of muscular contractions. To alleviate this problem, Sterrett requested the doctors to replace the implants below the gland, or subglandularly, as opposed to below the muscle. At surgery, Jacobs and Hawner concluded a subglandular implant was a surgical impossibility due to the thinness of Sterrett's muscle, so they placed the implants below the muscle.

Sterrett filed suit against Jacobs, Hawner, East Texas Plastic Surgery Associates, P.A., and Cosmetic Surgery Association of East Texas for breach of contract and breach of warranty. The defendants filed a motion for summary judgment under Rules 166a(c) and (i) of the Texas Rules of Civil Procedure, contending that the statute of frauds barred Sterrett's claim and that Sterrett had no evidence of any written contract or warranty. See TEX.R. CIV. P. 166a(c), (i). The trial court granted the motion.

■ When a defendant moves for summary judgment on an affirmative defense, it must conclusively prove all the essential elements of its defense as a matter of law, leaving no issues of material fact. See *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Fernandez v. Mem'l Healthcare Sys., Inc.*, 896 S.W.2d 227, 230 (Tex.App.-Houston [1st Dist.] 1995, writ denied). When a trial court's order granting summary judgment does not specify the ground or grounds on which the court

relied for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995).

A no-evidence summary judgment is essentially a pretrial directed verdict. We therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *McCombs v. Children's Med. Ctr.,* 1 S.W.3d 256, 258–59 (Tex.App.-Texarkana 1999, pet. denied); *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Woodruff v. Wright,* 51 S.W.3d 727, 734 (Tex.App.-Texarkana 2001, pet. denied); *McCombs,* 1 S.W.3d at 259; *Jackson,* 979 S.W.2d at 70. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson,* 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711.

■ Whether an agreement falls within the statute of frauds is a question of law. *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 594 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The Texas Business and Commerce Code provides that certain promises or agreements must be in writing:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . .

(8) an agreement, promise, contract, or warranty of cure relating to medical care or results thereof made by a physician or health care provider as defined in Section 1.03, Medical Liability and Insurance Improvement Act of Texas. This section shall not apply to pharmacists.

TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon 2002).

■ Sterrett does not contend Appellees were not physicians or healthcare providers under the Medical Liability and Insurance Improvement Act of Texas. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(3), (8) (Vernon Supp.2003). Therefore, a contract or warranty by them to perform a subglandular replacement of breast implants was required to be in writing to be enforceable. *See Jeffery v. Walden,* 899 S.W.2d 207, 212 (Tex.App.-Dallas 1993) (finding alleged contract to provide suitable set of dentures had to be in writing and signed by dentist to be enforceable), *rev'd in part on other grounds,* 907 S.W.2d 446 (Tex.1995).

Sterrett contends the agreement and warranty were in writing and memorialized in Jacobs' January 29, 1997, office note. This note, however, is not a sufficient writing to satisfy the statute of frauds. The statute of frauds requires that a memorandum of an agreement, in addition to being signed by the party to be charged, must be complete within itself in

every material detail and contain all of the essential elements of the agreement so that the contract can be ascertained from the writings without resorting to oral testimony. *Cohen v. McCutchin,* 565 S.W.2d 230, 232 (Tex.1978). The office note does not contain many of the material details of the agreement, but only provides Sterrett's medical background and a discussion of the surgeons' plan for surgery. Significantly, the note does not contain the signature of Jacobs or Hawner, the signature of any person authorized to sign for either of them, or the signature of any person authorized to sign for East Texas Plastic Surgery Associates, P.A., or for Cosmetic Surgery Association of East Texas. The statute requires the signature of the person to be charged. This authenticates the document as reliable evidence of that person's agreement to the transaction. *See Capital Bank v. Am. Eyewear, Inc.,* 597 S.W.2d 17, 19 (Tex.Civ.App.-Dallas 1980, no writ). Sterrett has provided no evidence of a valid written contract or warranty.

■ Neither can Sterrett rely on implied warranties. Implied warranties do not apply to a product provided as an inseparable part of the rendition of medical services. *See Barbee v. Rogers,* 425 S.W.2d 342, 346 (Tex.1968). In *Barbee,* the Texas Supreme Court found that the failure of contact lenses to fit properly was due not to a product defect for which the optometrist who supplied them was strictly liable, but rather to a negligent rendition of his medical services. Sterrett has not complained the breast implants themselves were defective. The actions taken by the doctors, about which Sterrett complains, were taken in the rendition of their medical services. The implant procedure was an inseparable part of their professional services as plastic surgeons. No implied warranties are therefore applicable. *See*

*Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex.1995).

In the absence of a valid written contract or warranty, and in the absence of any implied warranties, summary judgment was proper. We affirm the judgment.