**Affirmed and Memorandum Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00435-CV

---

## LONE STAR AIR SYSTEMS, LTD., Appellant

## V.

## DAVID POWERS, Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2008-74625**

---

## O P I N I O N

In this contract dispute, appellant Lone Star Air Systems, Ltd. challenges the trial court's grant of summary judgment in favor of appellee David Powers, individually. Lone Star contends in four issues that the trial court erred in disposing of its claims for breach of contract, promissory estoppel, and fraud. We affirm.

## *Background*

Lone Star operated a heating and air conditioning business in Houston. In 2000, Lone Star entered into a "Master Purchase Order Agreement" (Agreement), providing for the sale and purchase of goods, with David Powers Homes. In 2008, Lone Star sued David Powers Homes, Inc. (DPH, Inc.) and Powers to collect a $206,300.65 balance on unpaid invoices[1] from approximately 50 completed jobs involving the sale of air conditioning equipment and labor.[2] David Powers Homes and its affiliated business entities ceased operations in 2009.

In May 2010, DPH, Inc. filed a sworn petition to confess judgment,[3] stating it was "not contesting liability, ha[d] no money for legal fees, and [sought] to avoid litigation." Lone Star subsequently sought an order nonsuiting DPH, Inc., which the trial court granted. Lone Star's latest petition expressly included claims against Powers for breach of contract, fraud, and alter ego. Lone Star contends the petition also implicitly included a promissory estoppel claim. Powers filed a traditional partial summary judgment motion on the breach of contract claim and a hybrid no-evidence and traditional summary judgment motion on Lone Star's "veil piercing claims," including fraud and alter ego. The trial court granted both motions and included in its order the following language, "This is a final judgment and is intended to dispose of all claims and counterclaims at issue in this case."

---

[1] This amount later was amended to $196,701.00.

[2] As set forth below, David Powers Homes is an assumed name of DJPH, LLC. Several business entities are affiliated with David Powers Homes, including DPH, Inc. It is undisputed that between 2000 and 2009, DPH, Inc. paid Lone Star for hundreds of jobs. Three payments, however, appear to have been made by David Powers Homes, BL Ltd. All purchase orders were issued by David Powers Homes S.T., Ltd., David Powers Homes BL, Ltd., or David Powers Homes W.O., Ltd.

[3] Texas Rule of Civil Procedure 314 allows a defendant to "appear in person or by attorney, and confess judgment therefor in open court."

*Discussion*

In four issues, Lone Star challenges the trial court's grant of final summary judgment, contending (1) the contract was not subject to the statute of frauds; (2) Powers did not seek summary judgment on Lone Star's promissory estoppel claim and, alternatively, the claim was not subject to the statute of frauds; and (3) Powers did not seek summary judgment on Lone Star's individual fraud claims.

We review summary judgments de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). In reviewing either a no-evidence or a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a party seeks summary judgment on both no-evidence and traditional grounds, we first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If the nonmovant fails to produce more than a scintilla of evidence raising a genuine fact issue on the challenged elements of his claims, then there is no need to analyze whether the movant's summary-judgment proof on the same claim satisfied the traditional summary-judgment burden of proof under Texas Rule of Civil Procedure 166a(c). *Id.*

In a no-evidence summary judgment motion, a party may move for judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Mendoza,* 276 S.W.3d at 655. A no-evidence summary judgment motion should be denied if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the

3

challenged element or elements. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Mendoza,* 276 S.W.3d at 655. More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes*, 124 S.W.3d at 172; *Mendoza,* 276 S.W.3d at 655. Less than a scintilla of probative evidence exists if the evidence creates no more than a mere surmise or suspicion of fact regarding a challenged element. *Forbes*, 124 S.W.3d at 172; *Mendoza,* 276 S.W.3d at 655.

A traditional summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *PAS*, 350 S.W.3d at 607-08. A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010); *PAS*, 350 S.W.3d at 608.

## I.    No Contract with Powers

In its first issue, Lone Star argues the trial court erred in granting Powers' traditional summary judgment motion on Lone Star's contract claim based on the statute of frauds.[4] The only contract at issue is the Agreement executed between Lone Star and David Powers Homes. Lone Star argues that the true identity of David Powers Homes is Powers himself or, at least, there exists a question of fact,

---

[4] *See* Tex. Bus. & Com. Code § 2.201.

4

and that Lone Star presented competent evidence establishing exceptions to the statute of frauds. Powers argues he is not a party to the Agreement, and the actual party to the Agreement is DJPH, LLC, for which David Powers Homes is an assumed name.

Both parties acknowledge that the Agreement is subject to the statute of frauds and not signed by Powers.[5] Under the statute of frauds, a contract for the sale of goods over $500 is not enforceable unless the agreement is in writing and signed by the person against whom enforcement is sought or by his authorized agent or broker. Tex. Bus. & Com. Code § 2.201(a). The purpose of the statute of frauds is to prevent fraud and perjury in certain types of transactions by requiring certain agreements to be in writing and signed by the parties. *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 552–53 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)). The signature of the person against whom enforcement is sought authenticates the document as reliable evidence of that person's agreement to the transaction. *Sterrett v. Jacobs*, 118 S.W.3d 877, 880 (Tex. App.—Texarkana 2003, pet. denied). Lone Star argues that two exceptions to the statute of frauds apply here: that Powers admitted he had a contract with Lone Star[6] and partially performed under it.[7] Powers argues these exceptions are not applicable to him because he did not have a contract with Lone Star.

---

[5] David Powers Homes did not sign the Agreement either. However, Powers does not contend the Agreement was unenforceable against David Powers Homes.

[6] A contract which fails to satisfy the writing requirement but which is valid in other respects is enforceable if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made. Tex. Bus. & Com. Code § 2.201(c)(2).

[7] A contract which does not satisfy the writing requirement but which is valid in other respects is also enforceable with respect to goods for which payment has been made and accepted or which have been received and accepted. *Id.* § 2.201(c)(3).

5

Powers presented the following evidence in support of his contention that he was not a party to the Agreement:

- The Agreement, which was not signed by Powers and does not include Powers as a party;

- Assumed name certificates showing that David Powers Homes is an assumed name of DJPH, LLC, *see* Tex. Bus. & Com. Code § 71.154 ("A copy of a[n assumed name] certificate or statement is presumptive evidence in any court in this state of the facts contained in the copy.");

- Trial court order deeming admission from Lone Star that David Powers Homes is an assumed name of DJPH, LLC[8];

- Purchase orders issued by business entities affiliated with David Powers Homes (David Powers Homes S.T., Ltd., David Powers Homes BL, Ltd., and David Powers Homes W.O., Ltd.); and

- Payment register showing Lone Star was paid by business entities affiliated with David Powers Homes (DPH, Inc. and David Powers Homes BL, Ltd.).[9]

Lone Star responded with deposition testimony from its representative, Darrel Teelucksingh, that he "thought" he was working with Powers individually, always "dealt with [Powers] personally," had numerous conversations with Powers, settled on pricing with Powers, and did not know there were "different entities." Teelucksingh also submitted an affidavit in which he attested:

> David Powers never disclosed to me that he was doing business with me as an agent for DJPH, LLC. I always believed that David Powers Homes was David Powers doing business as David Powers Homes. At my deposition, when opposing counsel asked me whether I

---

[8] Powers requested an admission from Lone Star that the assumed name certificates reflect that David Powers Homes is an assumed name of DJPH, LLC. Lone Star objected to the request, and the trial court granted Powers' motion to order the admission deemed under Texas Rule of Civil Procedure 215.4(a).

[9] Lone Star argues Powers "did business as multiple entities, including himself," but, as set forth below, Lone Star presented no evidence to support this allegation.

6

contracted with David Powers individually, I thought he meant did I have another contract that was executed by David Powers.[10]

Teelucksingh's *belief* that David Powers individually was doing business as David Powers Homes is not summary judgment proof of that fact. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Moreover, Teelucksingh's conversations and relationship with Powers are not inconsistent with the idea that the Agreement was between Lone Star and DJPH, LLC. Further, Lone Star's deemed admission that David Powers Homes is an assumed name of DJPH, LLC conclusively established that fact. *See* Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission."); *see also Goss v. Bobby D. Assocs.*, 94 S.W.3d 65, 71 (Tex. App.—Tyler 2002, no pet.) ("The trial court cannot consider affidavits offered by the non-movant to contradict deemed admissions in cases involving summary judgments.").

Lone Star argues Powers admitted he had a contract with Lone Star based on the following:

- Powers' first-filed motion for summary judgment stating, "Lone Star installed air conditioning equipment in certain single family homes under contract with DJPH, LLC d/b/a David Powers Homes."

- Powers' "Motion for Evaluation of Plaintiff's Rule 198 Admission Responses" stating, "This case involves approximately $162,611.56 in contract damages owed to Plaintiff Lone Star Air Systems, Inc. by DJPH, LCC d/b/a David Powers Homes and/or David Powers Homes, Inc. No one disputes that plaintiff performed the work."

- Powers' reply in support of his motion for summary judgment stating, "The parties in this case agree that Lone Star Air installed air conditioning equipment in certain single-family homes under a

---

[10] Teelucksingh previously had given a deposition in which he stated he did not have an individual contract with Powers.

7

contract with David Powers Homes."

- Powers' affidavit, stating "Lone Star . . . installed air conditioning equipment for DJPH, LLC dba David Powers Homes."

None of these statements are admissions that Powers had a contract with Lone Star. In fact, these statements are evidence that the Agreement was between Lone Star and DJPH, LLC. Powers also attested, "I was never an individual party to this contract."

Lone Star also argues that *Powers* performed under the Agreement. Lone Star bases this contention on the fact that neither party disputes *Lone Star* performed under the Agreement. However, this does not establish that Powers was a party. Powers presented evidence that all of the subject properties were owned by a business entity, every service and product order was placed by a business entity, and every payment to Lone Star was from a business entity.[11]

In light of the above evidence, we conclude Powers established he was not a party to the Agreement, and thus Lone Star did not have a contract with Powers. Accordingly, Lone Star failed to establish either the admission or performance exceptions to the statute of frauds were applicable to Powers. The trial court did not err in granting summary judgment in favor of Powers on the breach of contract claim because, as a matter of law, no enforceable agreement existed between Lone Star and Powers. We overrule Lone Star's first issue.

---

[11] Lone Star cites *MG Building Materials, Inc., v. Moses Lopez Custom Homes, Inc.* for the proposition that a contract containing mutual obligations that has been reduced to writing and signed by one of the parties can be accepted by the non-signing party by his conduct, thus making it a binding agreement on both parties. 179 S.W.3d 51, 62 (Tex. App.—San Antonio 2005, pet. denied). However, to enforce the Agreement against Powers, Lone Star was required to show that Powers performed under the Agreement in his individual capacity. Lone Star presented no evidence in support of this claim.

8

## II.    No Promissory Estoppel Claim

In its second and third issues, Lone Star asserts that the trial court erred by purporting to dispose of all of its claims because both the trial court and Powers failed to address Lone Star's unstated claim for promissory estoppel.[12]  A pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a).  In the absence of special exceptions, a petition should be construed liberally in favor of the pleader. *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993).  A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Id.*  However, when a petition lists specific causes of action, appellate courts should not infer another cause of action unless the petition gives fair notice of that cause of action. *See id*.  Fair notice is determined by whether an opposing party can ascertain from the pleading the nature and the basic issues of the controversy sufficient to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896-97 (Tex. 2000); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

Notwithstanding the fact that Lone Star's petition contained a list of specific causes of action that did not include promissory estoppel, Lone Star argues the claim was encompassed in the catch-all phrase that Lone Star was "su[ing] for all causes of action it is entitled to recover under Texas law including but not limited to . . . [b]reach of contract, [n]egligent representation, fraud, fraudulent conveyance, fraud in the inducement, and constructive fraud."[13]  This argument is without merit. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979) (holding

---

[12] The trial court's summary judgment order was a final judgment expressly "dispos[ing] of all claims and counterclaims at issue in this case." *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192-93 (Tex. 2001).

[13] Lone Star did not use the words "promissory estoppel" anywhere in its petition.

9

phrase "and for such other and further relief to which plaintiff . . . may show himself entitled" does not encompass cause of action for which fair notice does not exist). Lone Star further argues its petition supported a promissory estoppel claim based on the following allegation:

> Powers held himself out to be David Powers Homes, and assured Plaintiff the delinquent debts would be paid from the sale of the homes. If the court or jury finds that David Powers Homes does not include David Powers individually, then Powers misrepresented the identity of David Powers Homes. Plaintiff relied on Powers' representation and conducted business with David Powers during the years of 2006-2008, under the assumption David Powers was doing business as David Powers Homes. As a result of Powers' representation, Plaintiff suffered injury.

This allegation is more consistent with Lone Star's fraud claim than a promissory estoppel claim. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (listing elements of fraud). Lone Star further failed to allege that it was reasonably foreseeable for Lone Star to rely on a promise made by Powers, an element of promissory estoppel. *See English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (listing elements of promissory estoppel). Even construing the petition liberally, we cannot conclude that Lone Star's petition fairly apprised Powers that Lone Star was pursuing a cause of action for promissory estoppel.

Lone Star also complains that the trial court erred in granting summary judgment on its promissory estoppel claim because the statute of frauds is not a legal bar to Lone Star's promissory estoppel claim or, in the alternative, Lone Star proved exceptions to the statute of frauds.[14] We need not reach this issue because we hold Lone Star did not sufficiently plead a promissory estoppel claim. We

---

[14] Lone Star listed this as his third issue in the "Issues Presented" portion of its brief but did not separately brief the issue under its own heading.

overrule Lone Star's second issue.

### III. No Evidence of Fraud

In its fourth issue, Lone Star complains of the trial court's entry of summary judgment on Lone Star's fraud claim. Powers' motion alleged that Lone Star had not pleaded or offered evidence that the fraud was perpetrated primarily for Powers' direct, personal benefit, as required to pierce the corporate veil under current Texas law. Lone Star argues that it did not seek to pierce the corporate veil in pursuing a claim against Powers individually for common law fraud and thus was not required to plead or provide evidence that David Powers Homes and its affiliated entities were used to perpetrate a fraud primarily for Powers' direct, personal benefit. However, by its minimal fraud pleading, Lone Star does seek to hold Powers individually liable for the alleged $196,701 obligation under a contract to which he is not a party.

> A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber or of the corporation, may not be held liable to the corporation or its obligees with respect to: . . . any contractual obligation of the corporation or any matter relating to or arising from the obligation . . . on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory.

Tex. Bus. Orgs. Code § 21.223(a). The only exception to this rule applies when the "[share]holder, beneficial owner, subscriber, or affiliate cause[s] the corporation to be used for the purpose of perpetrating . . . an actual fraud . . . primarily for the direct personal benefit of the [share]holder, beneficial owner, subscriber, or affiliate." *Id.* § 21.223(b). Any such liability for an obligation on behalf of the corporation "is exclusive and preempts any other liability imposed for

11

that obligation under common law or otherwise." *Id.* § 21.224.[15]

Lone Star argues that it does not seek to pierce the corporate veil to hold Powers liable but rather is suing Powers in his individual capacity for fraudulent acts.[16] Again, this contention is not supported by Lone Star's pleadings, summary judgment response, or evidence. Lone Star pleaded Powers was individually liable under the Agreement and alleged "in the alterative, David Powers is personally liable because he used the corporate fiction to commit fraud." Lone Star alleged Powers misrepresented the identity of David Powers Homes, assured payment of the debts, misrepresented owning the properties, and used an assumed name as a mechanism to escape debt. Lone Star further alleged that David Powers Homes and Powers were inextricably tied together under an alter ego theory. All of these contentions are based on the premise that if Powers is not a party to the Agreement, then he used David Powers Homes and its affiliated entities in a fraudulent manner. Moreover, in light of section 21.224, the only theory of fraud available to Lone Star against Powers individually is one that requires proof that Power perpetrated the fraud for his direct, personal benefit.

In support of its summary judgment response, Lone Star failed to offer evidence of any acts by Powers in his individual capacity distinct from David Powers Homes and its affiliated entities. Lone Star was required to present more than a scintilla of evidence showing that Powers abused the subject entities

---

[15] This rule applies equally to LLCs. *Shook v. Walden*, 368 S.W.3d 604, 621 (Tex. App.—Austin 2012, pet. denied) (holding same standards apply to LLCs as well as corporations and requiring plaintiff to show defendant used business entity to perpetrate a fraud for his direct personal benefit).

[16] Lone Star expressly states it is not appealing "summary judgment based on the veil piercing claims." Although we conclude that the only theory of fraud available to Lone Star against Powers individually is one that some courts characterize as "piercing the corporate veil," we will analyze the issue as though not abandoned. *See, e.g., Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 457 (Tex. App.—Dallas 2012, pet. denied).

primarily for his direct, personal benefit. *See* Tex. Bus. Orgs. Code § 21.223(b). It did not do so.[17] Lone Star points to no evidence of acts by Powers to deceive or mislead—explicitly or implicitly. Similarly, Lone Star points to no evidence of acts by Powers to abuse the subject entities for his personal gain. In short, Lone Star relies solely upon evidence that the personnel of Lone Star worked directly with David Powers as a representative of David Powers Homes and Powers never volunteered that David Powers Homes, the entity with whom Lone Star knew it was doing business, was not the assumed name of David Powers individually. Even viewing this evidence in the light most favorable to Lone Star, it is not a scintilla of evidence. Accordingly, the trial court did not err in granting summary judgment on Lone Star's fraud claim. We overrule appellant's fourth issue.

We affirm the judgment of the trial court.


/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Christopher, Jamison, and McCally.

---

[17] We need not analyze whether Powers' evidence satisfied the traditional summary-judgment burden of proof because Lone Star did not satisfy the no-evidence burden of proof. *PAS*, 350 S.W.3d at 607.