# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2021

Lyle W. Cayce
Clerk

No. 20-11159

David Anton,

*Plaintiff—Appellant*,

*versus*

US Bank Trust National Association, as Trustee,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-862

Before Owen, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

Per Curiam:*

David Anton sued U.S. Bank National Association ("U.S. Bank")[1] claiming, *inter alia*, that U.S. Bank breached an adjustable-rate note and deed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] In the district court, the named defendant was U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT. As discussed herein, Rushmore Loan Management Services was the entity that serviced the loan, but the legal party in interest was U.S. Bank. The parties did not dispute this point.

No. 20-11159

of trust, as well as various alleged modifications thereto. Anton also sought to enjoin U.S. Bank from selling the real property securing the note. The district court granted U.S. Bank's motion for summary judgment and dismissed Anton's complaint with prejudice. Anton timely appealed. We affirm.

## I.   Facts and Proceedings

In 2005, Anton executed an adjustable-rate note in favor of Chevy Chase Bank, FSB. The note was secured by a deed of trust first lien on certain real property. Chevy Chase Bank, FSB later indorsed the note and deed of trust to U.S. Bank. Rushmore Loan Management Services LLC ("Rushmore") serviced the loan on behalf of U.S. Bank, though U.S. Bank maintained physical possession of the note.

Anton defaulted on the loan in May 2018. At that time, Anton and Rushmore allegedly communicated via email to discuss a repayment plan to cure the default, which specified that Anton would make certain payments in May, June, and July of 2018 to bring the loan current ("July Repayment Plan"). Anton made the first payment, but he failed to make the next two. Rushmore referred the loan for foreclosure on July 20, 2018.

In the Fall of 2018, Anton made various payments to Rushmore that it applied to his escrow obligations, as well as his principal and interest obligations for March 2018 through September 2018. Then, in December 2018, Rushmore and Anton agreed, in writing, to a repayment plan ("December Repayment Plan") pursuant to which Anton would make payments to Rushmore for November and December on December 18 and December 31, respectively. Anton attempted to make those payments, but his bank reversed the payments for insufficient funds. Accordingly, on January 3, 2019, Rushmore mailed Anton a notice of default and intent to accelerate the loan. Anton made a payment to Rushmore on January 31, 2019,

No. 20-11159

to cover the November and December payment obligations still owed, but it was insufficient to cure his outstanding balance.

On May 23, 2019, counsel for Rushmore mailed Anton and his wife a notice of acceleration. On August 20, 2019, counsel for Rushmore mailed a notice of foreclosure sale to Anton and his wife, which specified that the foreclosure sale for the real property located at 2208 Indian Creek Drive, Fort Worth, Texas 76107 was scheduled for October 1, 2019. Counsel for Rushmore also filed a notice of foreclosure sale with the office of the Clerk for Tarrant County and posted a notice of the foreclosure at the Tarrant County Courthouse.

On September 27, 2019, Anton sued U.S. Bank in the District Court of Tarrant County, Texas and alleged the following causes of action: (1) breach of contract; (2) common law fraud; (3) promissory estoppel; (4) violations of the Texas Debt Collection Act ("TDCA"); (5) breach of the duty of cooperation; and (6) negligent misrepresentation. Anton also sought to enjoin the foreclosure sale. On October 10, 2019, U.S. Bank removed the action to the United States District Court for the Northern District of Texas. U.S. Bank filed a motion for summary judgment as to all counts in Anton's complaint, which the district court granted, dismissing Anton's complaint with prejudice. Anton timely appealed.

## II.    Standard of Review

We review a district court's order granting a motion for summary judgment de novo, applying the same standard as the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is material if it "might affect the outcome of the suit under the governing law[.]" *Hyatt*, 843 F.3d at 177 (quoting *Anderson v. Liberty Lobby, Inc.*, 477

No. 20-11159

U.S. 242, 248 (1986)).  "We construe all facts and inferences in the light most favorable to the nonmoving party[.]"  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

## III.  Discussion

Anton appeals only the district court's grant of summary judgment in favor of U.S. Bank as it pertains to his breach of contract claims and his TDCA claims.  We will address each claim in turn.

### A.

Anton's breach of contract claims ultimately depend on the enforceability of the alleged July Repayment Plan and "escrow repayment plan."  He alleges that U.S. Bank breached the July Repayment Plan in July 2018 when Rushmore referred the loan for foreclosure prior to the end of the month.  He further alleges that, despite an agreement to spread his escrow payment obligations over a 60-month period, Rushmore instead spread them over a 24-month period.

To succeed on a breach of contract claim in Texas, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach."  *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (per curiam) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.— Eastland 2010, pet. denied)).

The district court correctly concluded that the alleged July Repayment Plan was not an enforceable contract.  In Texas, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."

TEX. BUS. & COM. CODE § 26.02(b).  And "[a]n agreement to modify such a loan must also be in writing to be valid."  *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 361 (5th Cir. 2017) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)).

It is undisputed that, following his default in May 2018, Anton and Rushmore had various discussions via email and telephone regarding a repayment plan to bring the loan current.  However, those emails are nowhere to be found in the record.  Anton produced a number of emails that *refer* to a repayment plan, but they do not evidence an offer and acceptance of that plan, nor do they contain any other material terms relating to the plan.  For example, on July 3, 2018, Rushmore's representative, David Viggiano, emailed Anton the following: "From what I am seeing, you still owe the June and the July repayment plan amounts to complete – correct?"  Then on July 30, Mr. Viggiano emailed Anton asking: "How much were you planning to pay today?  The full amount to reinstate since the plan was originally set to complete end of July?"  Anton responded: "13k.  I was told I had to get this in prior to end of July.  That is why I'm calling today."  And Mr. Viggiano replied: "The last payment made was on 6/5/18 that was for the May repayment plan payment.  There was no payment rest of June and nothing in July so on 7/20/18, your file was referred to FC.  The plan that we set up was to complete the reinstatement by end of July."

Thus, it is apparent that there was some sort of understanding between Anton and Rushmore pursuant to which Anton could cure his default.  But the terms of that "agreement"—including without limitation the precise amounts owed, payment deadlines, and consequences for incomplete and/or untimely payments—are wholly absent from the record.  To satisfy the statute of frauds in Texas, a writing "must be complete within itself in every material detail and contain all of the essential elements of the

agreement."   *Sterrett v. Jacobs*, 118 S.W.3d 877, 879–80 (Tex. App.—Texarkana 2003); *see also Bynane*, 866 F.3d at 361–62.  The emails Anton produced were not complete in themselves in every material detail.

Without an adequate written record of the agreement reflecting all the material terms and details describing the parties' respective rights and obligations, the alleged July Repayment Plan is an unenforceable contract under the statute of frauds.  Absent an enforceable contract modifying the terms of the *original* loan, Anton cannot maintain a cause of action against U.S. Bank for breaching the alleged July Repayment Plan.  The district court properly dismissed Anton's breach of contract claim on this ground.

### B.

For the same reasons, the district court correctly concluded that Anton cannot maintain a claim against U.S. Bank for breaching the alleged "escrow repayment plan."  Anton did not produce any evidence of a *written agreement* by U.S. Bank or Rushmore to apportion his escrow payment obligations in any specific way.  Instead, he produced a series of emails between himself and Mr. Viggiano reflecting only that Rushmore calculated *certain* escrow payments based on a 60-month spread.

First, Anton produced an email from Mr. Viggiano, dated August 2, 2018, stating: "Got the investor to approve the paying of the $33,729.05 by the 20th and keep with the current escrow analysis that you are currently set up on."  Second, he produced an email from Mr. Viggiano, dated October 2, 2018 reflecting that certain escrow payments, calculated based on a 60-month spread, were outstanding.  Third, he produced an email that he sent to Mr. Viggiano on May 29, 2019, in which he stated: "I desperately want to make that happen and hope that the investor will approve the same escrow spread that they did last time and allow me to wire funds as soon as Friday this week in order to stop the process."

No. 20-11159

At most, these emails indicate that Rushmore—or, as Anton suggests in his Declaration, its "predecessor in interest"—calculated *certain* escrow payments based on a 60-month spread. But this is far from evidence of a signed, written agreement by U.S. Bank or Rushmore obligating it to calculate *every* escrow payment based on that same spread. The emails that Anton claims provide evidence of an "escrow repayment plan" are insufficient, taken together, because they are not complete in themselves and lack all the material terms required to form an enforceable contract. *See Sterrett*, 118 S.W.3d at 879–80.

Accordingly, we conclude that, absent evidence in the record of an "escrow repayment plan" that satisfies the statute of frauds, the district court properly dismissed Anton's breach of contract claim on this ground.

## C.

To the extent that Anton premises his breach of contract claim on the December Repayment Plan, that claim also fails. It is undisputed that he and Rushmore entered a written agreement in December 2018, pursuant to which Anton would make payments for November and December on December 18 and December 31, respectively. It is likewise undisputed that Anton failed to do so—his bank reversed the two payments he attempted to make due to insufficient funds.

Anton cannot succeed on a claim that U.S. Bank breached the December Repayment Plan by mailing him the notice of default and intent to accelerate on January 3, 2019. He had once again defaulted, and as the district court observed, "[i]t is unreasonable to require Defendant to continue to arrange for a repayment of money already owed to it just to have Plaintiff not make the agreed-upon repayments." Because Anton again failed to make full and timely payments, the district court properly dismissed Anton's breach of contract claim on this ground.

7

D.

Anton also appeals the district court's grant of summary judgment in favor of U.S. Bank as it relates to his TDCA claims. He argues that U.S. Bank violated § 392.304(a)(8) of the Texas Finance Code by making false statements that his loan was in default and by representing that a payment plan was in place when in fact the payment plan had been cancelled and the property referred for foreclosure.

Section 392.304(a)(8) of the Texas Finance Code prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." To prevail on his claim for misrepresentation about a debt, Anton must show that U.S. Bank made a misrepresentation that led him "to be unaware (1) that []he had a mortgage debt, (2) of the specific amount []he owed, or (3) that []he had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

Anton does not provide evidence supporting any of these three elements. First, there is no dispute as to whether Anton knew he had a mortgage debt, and that he knew he was in default. Anton's own briefing reflects this; indeed, his default on the original loan was the very reason he and Rushmore discussed repayment options in the first place. Similarly, Anton does not provide any evidence that misrepresentations by U.S. Bank or Rushmore led him to be unaware of the amount he owed.

Instead, Anton merely alleges that Rushmore incorrectly stated that he was in default, when he was not, and that a repayment plan was in place, when in fact the property had been referred for foreclosure. But these allegations are unsupported. To be sure, Rushmore referred the loan for foreclosure on July 20, 2018. But that was only after Anton had failed to make

certain payments for June and July that were outstanding. In fact, Anton knew on July 3, 2018 that certain payments were missing for June and July. There is no evidence in the record that Rushmore somehow gave Anton the false impression that he was current on the loan when, in fact, he was not. And there is similarly no evidence that it referred the loan for foreclosure before Anton had a fair opportunity to cure his default by making timely payments for June and July.

For the foregoing reasons, Anton cannot maintain a TDCA claim against U.S. Bank for violations of § 392.304(a)(8). Anton failed to provide evidence that U.S. Bank or Rushmore made misrepresentations that caused him to be unaware of his debt obligations or that he had defaulted. The district court properly dismissed his TDCA claim on this ground.

E.

Anton further argues that U.S. Bank violated § 392.304(a)(19) by failing to properly credit payments to his account. This argument is similarly unavailing.

Section 392.304(a)(19) makes it unlawful for debt collectors to "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." To support his claim that U.S. Bank violated § 392.304(a)(19), Anton points to email discussions with Mr. Viggiano from October 2018 in which Mr. Viggiano indicated that Rushmore had received payments from Anton, but that they were not yet fully reflected in the system. But this is hardly evidence that Rushmore *misapplied* those payments. In fact, those same emails reflect that Mr. Viggiano was diligently working to ensure that the payments Anton *did* make *were* reflected in the system properly—even if they were not reflected properly *right away*. For example, on October 18, 2018, Mr. Viggiano emailed Anton: "Trying to get

the payments that we took earlier this month to reflect in the system correctly. . . . Will get handled.  Will keep you posted."

And, in any event, by October 26, 2018, Mr. Viggiano represented to Anton that the system "finally reflect[ed]" the proper amounts outstanding for October.  There is simply no evidence that Rushmore made any misrepresentations about how it applied Anton's payments.  If anything, the emails between Anton and Mr. Viggiano showed the opposite—that Rushmore was communicating truthfully with Anton about the status of his payments in the system and directing its efforts to ensure that Anton's payments were reflected in the system properly.  The district court correctly dismissed Anton's TDCA claim on this ground.

## IV.  Conclusion

Because there is no genuine issue of material fact as to any of the counts in Anton's complaint that he raised on appeal, the district court properly granted U.S. Bank's motion for summary judgment as to those counts and dismissed the same with prejudice.

The judgment is AFFIRMED.