**Delmy Del Carmen MENDOZA, Appellant,**

v.

**FIESTA MART, INC., Appellee.**

No. 14–07–01086–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 2008.

Justice B. Adjei, Houston, for appellant.

Marty Herring, Houston, for appellee.

Panel consists of Justice FROST, Justice BROWN, and Judge DORFMAN.*

## OPINION

GRANT DORFMAN, Judge (Assigned).

In this premises liability case, appellant Delmy Del Carmen Mendoza appeals the summary judgment granted in favor of appellee Fiesta Mart, Inc., the owner of a food store where Mendoza claimed she was injured when she slipped on some liquid and almost fell. Mendoza contends she raised genuine issues of material fact on her cause of action, and therefore the trial court committed "gross error" in granting Fiesta Mart's motions for summary judgment. We affirm.

---

* The Honorable Grant Dorfman, Judge of the 129th District Court of Harris County, sitting by assignment pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).

## I.  Factual and Procedural Background

Around noon on October 18, 2004, Delmy Del Carmen Mendoza went shopping, along with her husband and mother, at the Fiesta Mart located at Airline Drive and Highway 45 in Houston. In the meat department, she slipped on an unidentified substance on the floor, possibly butter or grease, and allegedly injured herself when she almost fell. She did not see the substance on the floor before she slipped, and there was no sign that would have warned her or other customers about the wet substance on the floor of the meat department that day.

Mendoza sued Fiesta Mart for premises liability in July 2006. Fiesta Mart subsequently filed traditional and no-evidence motions for summary judgment, contending there was no evidence that it had actual or constructive knowledge of a dangerous condition on the premises. By order dated December 12, 2007, the trial court granted Fiesta Mart's summary judgment motions. This appeal followed.

## II.  Standards of Review

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i) (the "no evidence" summary judgment motion). A no-evidence summary judgment motion should be denied if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element(s). *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Id.* Less than a scintilla of probative evidence exists if the evidence creates no

more than a mere surmise or suspicion of fact regarding the challenged element(s). *Id.*

By comparison, a traditional summary judgment movant bears the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). Thus, when a defendant moves for traditional summary judgment, it must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). Evidence may be said to have been conclusively established when reasonable people could not differ in their conclusions. *City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex.2005). Once the movant establishes its right to summary judgment, the non-movant must present evidence raising a genuine issue of material fact to avoid entry of a summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). In reviewing either a no-evidence or traditional summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex. 2004); *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex.2004).

## III.  Summary Judgment Analysis

Fiesta Mart moved the trial court to grant summary judgment because Mendoza had no evidence that Fiesta Mart had actual or constructive knowledge of the presence of the liquid on the floor. *See Wal–Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex.2002) (premises owner must

have actual or constructive notice of spill).[1] Fiesta Mart also sought a traditional summary judgment on the same element, relying on Mendoza's testimony and that of her husband. Mendoza responded that material facts were disputed and that summary judgment should be denied because Fiesta Mart had not met its burden.

It is undisputed that Fiesta Mart owed Mendoza, its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in its store that were known to it or reasonably discoverable. *See Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998). But this duty does not render Fiesta Mart an insurer of Mendoza's safety. *See id.* Rather, a premises liability plaintiff must demonstrate that the premises owner possessed actual or constructive knowledge of a condition on the premises, which requires proof that either (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Reece,* 81 S.W.3d at 814.

Mendoza contends that there are several disputed facts, in particular "[w]hether employees of [Fiesta Mart] admitted to Plaintiff that they knew that there was liquid on the floor at the meat department on or about October 18, 2004, prior to Plaintiff slip[ping] and almost falling to the floor." But Mendoza presented no evidence supporting her claim on this allegedly disputed issue. In response to interrogatories requesting such evidence,

Mendoza answered that Fiesta Mart employees were "present in the store, and should have been aware of the dangerous condition." But both she and her husband testified in their depositions that they did not know how the substance got on the floor, how long it had been on the floor, or whether anyone else had stepped in it, and conceded that no Fiesta Mart employees told them they had seen the substance on the floor before Mendoza slipped.

## IV. Conclusion

The summary judgment record presents no probative evidence sufficient to create a material question of fact concerning Fiesta Mart's actual or constructive knowledge of the wet substance on the floor of the meat department at or before the moment Mendoza slipped. Accordingly, we overrule Mendoza's sole issue and affirm the trial court's judgment.

---

1. To prevail on a premises liability claim, a plaintiff must demonstrate that (1) the defendant had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) the defendant's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries. *LMB, Ltd. v. Moreno,* 201 S.W.3d 686, 688 (Tex.2006).