Affirmed and Memorandum Opinion
filed April 7, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00474-CV



Jeffrey
Pitsenbarger, Appellant 

v.

Cytec
Industries, Inc., Appellee 



On Appeal from
the 412th District Court

Brazoria County, Texas

Trial Court
Cause No. 39957



 

MEMORANDUM OPINION 

            In
this appeal from a grant of summary judgment, appellant Jeffrey Pitsenbarger
contends that the trial court erred in granting appellee Cytec Industries,
Inc.’s motion for summary judgment and in denying his motion for new trial.  We
affirm.

I

            In
2006, Pitsenbarger sued Cytec for breach of contract arising out of alleged
damage to a chemical trailer he owned in 2003.  Cytec had rented the trailer
from another company, Hub City Environmental, LLC, which apparently leased the
trailer from Pitsenbarger.  

            After
Cytec moved for summary judgment on the ground that Pitsenbarger had no
contract with Cytec to support a breach-of-contract claim, Pitsenbarger amended
his petition to assert that Hub City had assigned “all of its rights and
interest in this litigation to Plaintiff Pitsenbarger.”  In his second amended
petition, Pitsenbarger specifically alleged that Cytec’s lease with Hub City provided
that Cytec was liable to Hub City for “any damage to the trailer beyond normal
wear and tear.”  In turn, Hub City’s lease with Pitsenbarger provided that Hub
City was liable to Pitsenbarger for any damages to the trailer beyond ordinary
wear and tear.  Thus, Pitsenbarger asserted that Cytec was liable to
Pitsenbarger for Hub City’s alleged damages because Hub City “is required by
contract to pay to Plaintiff Pitsenbarger damages for the damage to the
trailer.”  Pitsenbarger did not allege any other claims against Cytec.

            In
December 2009, Cytec filed a traditional and no-evidence motion for summary
judgment.  In the motion, Cytec asserted, among other things, that Pitsenbarger
had no contract with Cytec, Hub City had no valid contract claim to assign, and
there was no evidence supporting the elements of Pitsenbarger’s breach-of-contract
claim.  On February 24, 2010, the trial court granted Cytec’s motion. 
Pitsenbarger moved for a new trial, which the trial court denied.  Pitsenbarger
then filed a “Supplemental Motion for New Trial” which was set for hearing, but
the trial court never expressly ruled on it.  This appeal followed.

II

A

            We
review summary judgments de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  When a party seeks summary judgment on both
traditional and no-evidence grounds, we first review the trial court’s summary
judgment under the no-evidence standard of Texas Rule of Civil Procedure
166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
If the nonmovant fails to produce more than a scintilla of evidence raising a
genuine fact issue on the challenged elements of his claims, then there is no
need to analyze whether the movant’s summary-judgment proof satisfied the traditional
summary-judgment burden of proof under Texas Rule of Civil Procedure 166a(c).  Id.

            A
traditional summary judgment under Rule 166a(c) is properly granted only when
the movant establishes that there are no genuine issues of material fact and
that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215–16 (Tex. 2003). 
In reviewing either a no-evidence or traditional summary-judgment motion, we
must take as true all evidence favorable to the nonmovant and draw every
reasonable inference and resolve all doubts in favor of the nonmovant.  Mendoza
v. Fiesta Mart, Inc., 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.]
2008, pet. denied).

B

            Initially,
Cytec complains that Pitsenbarger waived his first issue because it is
inadequately briefed.  An appellate brief must contain, among other things, a
statement of facts supported by references to the record and “a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P. 38.1(g), (i).  Parties asserting error on
appeal must advance some specific argument and analysis showing that the record
and the law support their contentions.  San Saba Energy, L.P. v. Crawford,
171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  An issue
not supported by authority or references to the record is waived.  Nguyen v.
Kosnoski, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 
Nor is it the duty of an appellate court to perform an independent review of
the summary-judgment record for evidence supporting an appellant’s position.  Priddy
v. Rawson, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied).  

            We
agree that Pitsenbarger has failed to adequately brief his first issue.  In his
statement of facts, Pitsenbarger cites Hub City’s one-page assignment[1] and
Pitsenbarger’s response to Cytec’s first motion for summary judgment—which is
not the motion the trial court granted.  Pitsenbarger then directs this court
to “look at the attachments to Cytec’s own motion[,] which establish more than
a scintilla of evidence as to the existence of a contract, breach and damages
to the trailer.”  In the argument section of his brief, aside from several
citations to the no-evidence summary-judgment standard of review, the entirety
of Pitsenbarger’s argument consists of the assertion that he “filed a Response
to Defendants’ No[-]Evidence Motion for Summary Judgment that pointed out the
facts that showed more than a scintilla of evidence as well as did the
Defendant’s own motion when the exhibits are reviewed.”  Pitsenbarger fails to
provide any supporting arguments, authorities, or citations to particular facts
that might raise a genuine issue of material fact as to the elements of his
claim.  Therefore, his issue is waived.  See Tex. R. App. P. 38.1(g),
(i); San Saba Energy, L.P., 171 S.W.3d at 338; Nguyen, 39 S.W.3d
at 188.  

            Additionally,
as Cytec points out, a party appealing a trial court’s order granting summary
judgment bears the burden to bring forward the record of the summary-judgment
evidence to provide the appellate court with a basis to review his claim of
harmful error.  See Enter. Leasing Co. v. Barrios, 156 S.W.3d 547, 549
(Tex. 2004) (per curiam); Mallios v. Standard Ins. Co., 237 S.W.3d 778,
781 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).  If the pertinent
summary-judgment evidence the trial court considered is not included in the
appellate record, an appellate court may presume that the omitted evidence
supports the trial court’s judgment and affirm the grant of summary judgment on
that basis.  Mallios, 237 S.W.3d at 782 (citing Enter. Leasing Co.,
156 S.W.3d at 549–50).  

            Although
Pitsenbarger directs us to his response to Cytec’s motion, the record contains
neither the response nor any evidence that might have been filed in support of
the response.  If Pitsenbarger intends to refer to his cited response to the
earlier-filed motion, that response would not be part of the record considered
by the trial judge for the second summary-judgment motion.  And, although it
appears from the record that Pitsenbarger may have filed an amended response to
Cytec’s no-evidence and traditional motion for summary judgment, that document
is not in the record, either.  The only responsive document in the record is
Pitsenbarger’s “First Supplement to First Amended Response to the Defendant’s
No-Evidence and Traditional Motion for Summary Judgment,” which merely attaches
a copy of the assignment from Hub City.  Thus, we may apply the presumption
that the omitted documents support the trial court’s judgment and affirm the
trial court’s grant of summary judgment on that basis as well.  See id. 
In any event, we note that Hub City’s assignment, without more, is insufficient
to raise a genuine fact issue in response to Cytec’s no-evidence challenge to each
of the elements of Cytec’s breach-of-contract claim.  

            Because
the trial court could have properly granted summary judgment based on the
no-evidence portion of Cytec’s motion, the trial court did not err in granting
Cytec’s motion for summary judgment.

            We
therefore overrule Pitsenbarger’s first issue.

III

            In
his second issue, Pitsenbarger contends the trial court improperly denied his
motion for new trial.  We review a trial court’s denial of a motion for new
trial for abuse of discretion.  Dir., State Employees Workers’ Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994); Stevens v. Anatolian Shepherd
Dog Club of Am., Inc., 231 S.W.3d 71, 77 (Tex. App.—Houston [14th Dist.]
2007, pet. denied).  An abuse of discretion occurs when a court acts in an
arbitrary or unreasonable manner, or without reference to guiding rules and principles. 
Downer v. Aquamarine Operators, 701 S.W.2d 238, 241–42 (Tex. 1985).

            Pitsenbarger
argues that he requested an opportunity to file a supplemental response
including sections from the Code of Federal Regulations for the trial court’s
consideration, and the trial court abused its discretion by not considering all
of the evidence.[2] 
Pitsenbarger does not cite any relevant authority or explain how the regulations
raise a genuine fact issue on each of the elements of his breach-of-contract
claim.  Therefore, we hold that the trial court did not abuse its discretion by
denying Pitsenbarger’s motion for new trial.

*
* *

            We
overrule Pitsenbarger’s issues and affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

 









[1]
Hub City’s assignment reflects an assignment of “any claims and/or causes of
action . . . that it may have against Cytec Industries, Inc.” arising from
“damages it may have suffered due to the injury and damages” to Pitsenbarger’s
trailer.  Notably, although Pitsenbarger alleges that his breach-of-contract
claim is based on provisions of leases with both Hub City and Cytec, no lease
or other contract appears anywhere in the record.





[2]
Pitsenbarger makes no reference to his original motion for new trial, in which
he asserted that the motion would be supplemented with an affidavit that would
establish certain facts.  The record contains no such affidavit.