**Affirmed and Memorandum Opinion filed September 12, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00531-CV

**DENISE ZIMMERMAN, Appellant**

**V.**

**DR. LESLIE FARIAS, D.D.S., P.A. F/K/A DR. LESLIE FARIAS, D.D.S., P.C. AND LESLIE FARIAS, INDIVIDUALLY, Appellees**

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2010-66570**

## MEMORANDUM OPINION

In this workplace personal injury dispute, appellant Denise Zimmerman challenges the trial court's grant of summary judgment in favor of appellees Dr. Leslie Farias, D.D.S, P.A. f/k/a Dr. Leslie Farias, D.D.S., P.C. (the "Professional Association") and Leslie Farias individually. We affirm.

## *Background*

Zimmerman broke her hip when she purportedly tripped over computer cords[1] in an operatory room in a dental office and fell while performing her duties as a dental hygienist. Neither the Professional Association nor Farias subscribes to Texas workers' compensation insurance.[2] Zimmerman filed suit against the Professional Association[3] and Farias, individually, for negligence based on appellees' failure to provide a safe working environment, failure to make safe a dangerous condition, and creation of an unreasonably dangerous condition. Zimmerman also claimed that Farias was the alter ego of the Professional Association.[4]

Farias filed a traditional and no-evidence summary judgment motion seeking judgment on the grounds that Zimmerman did not work for Farias and Farias could "not be sued in her individual capacity for actions or inactions of the [Professional Association]" because the Professional Association was a corporation in good standing and no basis existed to pierce the corporate veil to find Farias individually liable. Zimmerman responded that an adequate amount of time for discovery had not passed before the motion was filed.[5] The trial court granted the motion, entered a take-nothing summary judgment in favor of Farias, and dismissed her

---

[1] Zimmerman alleges Farias installed a digital x-ray system in her dental office, which included "additional wiring and cords that stretched from one area to another in the office, connecting the various x-ray and computer equipment."

[2] *See* Tex. Labor Code § 406.003.

[3] Farias is the sole shareholder of the Professional Association, which is a Texas corporation.

[4] We take these allegations from Zimmerman's live petition before the trial court. Zimmerman did not include record cites in her appellate brief. *See* Tex. R. App. P. 38.1(g) (requiring statement of facts to contain record references).

[5] Zimmerman did not file a motion for continuance requesting time to conduct additional discovery relevant to the summary judgment motion.

2

from the case.

The Professional Association also filed a traditional and no-evidence summary judgment motion seeking judgment on the grounds that it owed no duty to Zimmerman to protect her from a dangerous condition about which she knew and Zimmerman presented no evidence that (1) her work activities were unusual or exposed her to the threat of injury, (2) a dangerous condition was created by a negligent act of the Professional Association, (3) the condition posed an unreasonable risk of harm, (4) the Professional Association failed to exercise reasonable care, or (5) the Professional Association's alleged lack of care caused Zimmerman's injuries. The trial court granted the motion, dismissed Zimmerman's claims with prejudice, and included in its order the following language, "This Judgment is Final as to all remaining claims and parties and is appealable."

### *Discussion*

In two issues, Zimmerman challenges the trial court's grant of final summary judgment in favor of appellees. We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing either a no-evidence or a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a party seeks summary judgment on both no-evidence and traditional grounds, we first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If the nonmovant fails to produce more than a scintilla of evidence raising a genuine

3

fact issue on the challenged elements of his claims, then there is no need to analyze whether the movant's summary judgment proof on the same claim satisfied the traditional summary judgment burden of proof under Texas Rule of Civil Procedure 166a(c). *Id.*

In a no-evidence summary judgment motion, a party may move for judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Mendoza,* 276 S.W.3d at 655. A no-evidence summary judgment motion should be denied if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element or elements. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Mendoza,* 276 S.W.3d at 655. More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes*, 124 S.W.3d at 172; *Mendoza,* 276 S.W.3d at 655. Less than a scintilla of probative evidence exists if the evidence creates no more than a mere surmise or suspicion of fact regarding a challenged element. *Forbes*, 124 S.W.3d at 172; *Mendoza,* 276 S.W.3d at 655.

A traditional summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *PAS*, 350 S.W.3d at 607-08. A defendant who conclusively negates a single essential element of a cause of action

4

or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010); *PAS*, 350 S.W.3d at 608.

### I. Summary Judgment in Favor of Farias Not Premature and No Evidence of Sham to Perpetrate Fraud

In her first issue, Zimmerman argues the trial court erred by granting summary judgment in favor of Farias individually, complaining that (1) the motion for summary judgment was premature; (2) Zimmerman presented "some evidence that [the Professional Association] is a sham"; and (3) the evidence in support of the motion was inadequate to conclusively establish that the Professional Association "is not a sham." We conclude that Zimmerman did not show the summary judgment motion was premature and presented no evidence that the Professional Association was a sham.

**No showing that the motion for summary judgment was premature**. Zimmerman argues that an adequate amount of time for discovery had not passed before Farias moved for summary judgment, as required under Texas Rule of Civil Procedure 166a(i). We review this issue for an abuse of discretion by the trial court. *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Although Rule 166a(i) allows a party to file a no-evidence motion for summary judgment "[a]fter adequate time for discovery," it does not require the movant to demonstrate when an adequate time for discovery has passed. Instead, a party seeking more time to conduct discovery to oppose a summary judgment motion must file an affidavit describing the evidence sought, explaining its materiality, and showing the due diligence used to obtain the evidence. Tex. R. Civ. P. 166a(g), 251, 252; *see also Carter*, 93 S.W.3d at 310. The affidavit must show why the continuance is necessary—conclusory allegations

5

are not sufficient. *Carter*, 93 S.W.3d at 310.

The underlying case was filed in October 2010, and the summary judgment in favor of Farias was granted in January 2012. Zimmerman included two paragraphs in her response to the motion complaining that (1) appellees "objected to [her] discovery and . . . refused to produce relevant documents," (2) the depositions of Zimmerman and Farias were taken a month after the motion was filed, and (3) other discovery was needed. The response was accompanied by a declaration from Zimmerman's counsel that the facts therein were "true and correct to the best of [his] knowledge." Even if we were to construe the response as a request for continuance to oppose the summary judgment motion, the response gave no basis for the trial court to assess the materiality of the requested discovery or the length of continuance needed. *See id.*

Zimmerman argues, however, that summary judgment was improper because an adequate time for discovery had not passed as a matter of law in that the discovery period did not end until two months after the motion was granted. An adequate time for discovery is not contingent on when the discovery period ends; instead, it depends upon the nature of the claims, the evidence needed to controvert the motion, the length of time the case has been on file, and any deadlines set by the trial court. *Id.* Here, Farias filed her motion one year after Zimmerman's petition was filed. Generally, a trial court may presume a plaintiff has investigated her own case prior to filing. *Id.* The motion was filed five months—and granted two months—before the end of the seventeen-month discovery period. *See id.* Zimmerman's response to the motion did not indicate why the months past were insufficient for adequate discovery or what specific discovery needed to be completed. *See id.* We cannot say the trial court abused its discretion in granting the summary judgment motion before the end of the

6

discovery period.  *See id.*

**No evidence supported Zimmerman's sham to perpetrate a fraud claim against Farias**.  Zimmerman sought to pierce the corporate veil to hold Farias personally liable based on the theory that the Professional Association "is a sham."[6]  Courts will "disregard the corporate fiction, even though corporate formalities have been observed and corporate and individual property have been kept separately, when the corporate form has been used as part of a basically unfair device to achieve an inequitable result."  *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986); *Phillips v. B.R. Brick & Masonry, Inc.*, 01-09-00311-CV, 2010 WL 3564820, at *6 (Tex. App.—Houston [1st Dist.] Sept. 10, 2010, no pet.) (mem. op.).  This prevents the "use of the corporate entity as a cloak for fraud . . . or to work an injustice."  *Phillips*, 2010 WL 3564820, at *6; *Love v. State*, 972 S.W.2d 114, 119 (Tex. App.—Austin 1998, pet. denied).  Texas takes a "flexible fact-specific approach" in applying this exceptional equitable remedy.  *Castleberry*, 721 S.W.2d at 273; *Phillips*, 2010 WL 3564820, at *6.  However, courts may not disregard the corporate form based on mere unity of interest, ownership and control.  *Watkins v. Basurto*, 14-10-00299-CV, 2011 WL 1414135, at *8 (Tex. App.—Houston [14th Dist.] Apr. 14, 2011, no pet.) (mem. op.) (citing *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984)).  Moreover, courts are generally "less reluctant to disregard the corporate entity in tort cases than in breach of contract cases."  *Lucas*, 696 S.W.2d at 375; *Phillips*, 2010 WL 3564820, at *6.

To prove that there has been a sham to perpetrate a fraud, tort claimants

---

[6] Based on this allegation, we presume Zimmerman's alter ego theory is based on a sham to perpetrate a fraud.  *See Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986) (listing types of alter ego claims); *see also AmSav Group, Inc. v. Am. Sav. & Loan Ass'n of Brazoria County*, 796 S.W.2d 482, 489 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (prescribing requirements for tort claimants to establish sham to perpetrate fraud claim).

must show constructive fraud. *Castleberry*, 721 S.W.2d at 273; *AmSav Group, Inc. v. Am. Sav. & Loan Ass'n of Brazoria County*, 796 S.W.2d 482, 489 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. *AmSav Group, Inc.*, 796 S.W.2d at 489. Intent to defraud is not a necessary element. *Lucas*, 696 S.W.2d at 375. Courts have pierced the corporate veil when the pattern of the sham is such that shareholders of a corporation with unwanted obligations siphon off revenues and sell assets or do other acts to hinder the company's ability to pay its debts, such as start up a new business with the same shareholders. *Love*, 972 S.W.2d at 120; *see also Klein v. Sporting Goods, Inc.*, 772 S.W.2d 173, 176–77 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (holding sole shareholder liable for company debts when he incorporated new business to continue business of foreclosed company: foreclosure sale was merely attempt to avoid creditors).

Zimmerman alleges she presented more than a scintilla of probative evidence to show that Farias used the Professional Association as a sham to perpetrate a fraud because (1) appellees' counsel disclosed to an unknown person that Farias "would just simply shut down her current operation and start a new one the next day . . . if [Zimmerman] gets a judgment"; (2) Farias did not "deny her counsel's statement"; and (3) Farias provides no benefits to her employees and is the sole shareholder of the Professional Association.[7] Even assuming this were

---

[7] Zimmerman did not submit any evidence along with her response to the motion. However, her response was supported by her counsel's declaration that the facts therein were "true and correct to the best of [his] knowledge." Farias only objected to the response on the bases that it contained "hearsay, innuendo and argument." However, Farias did not secure a ruling on these objections, and they are waived. *See Washington DC Party Shuttle, LLC v. IGuide Tours*, 14-12-00303-CV, 2013 WL 3226768, at *8, 10 (Tex. App.—Houston [14th Dist.] June 27, 2013, no. pet. h.) (noting an objection to a defect in the form of an affidavit is preserved

8

proper summary judgment evidence, it would not be more than a scintilla of evidence of constructive fraud.

Pure expression of opinion will not support an action for fraud. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337-38 (Tex. 2011); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995). Whether a statement is an actionable statement of "fact" or merely one of "opinion" often depends on the circumstances in which a statement is made. *Italian Cowboy Partners*, 341 S.W.3d at 338; *Faircloth*, 898 S.W.2d at 276. Among the relevant circumstances are the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and the hearer's knowledge, and whether the statement relates to the present or the future. *Faircloth*, 898 S.W.2d at 276; *see also Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983).

The relevant statement in this case—that Farias would "shut down" the Professional Association and start a new company if Zimmerman got a judgment against the Professional Association—purportedly was made by a third party (Farias' attorney) to an unknown person based on the attorney's opinion about what Farias might do in the future. We conclude, under these facts, that it is a

only when the litigant objects and obtains a ruling from the trial court); *see also Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 435-36 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (noting failure to obtain ruling on objection to defect of form in affidavit waives objection and holding hearsay objections were waived). Farias makes no additional objections to the declaration on appeal.

Zimmerman also argues "Farias utilizes the corporate structure solely [for] her own benefit" and the sole purpose of the Professional Association is to shield Farias from personal liability. These statements are legal conclusions, not evidence, because they are not supported by underlying facts. *See Hall v. Bean*, 14-12-00323-CV, 2013 WL 3086820, at *4 (Tex. App.—Houston [14th Dist.] June 20, 2013, no. pet. h.). Thus, they are insufficient to establish the existence of a fact in support of a summary judgment motion. *See id.* An objection is not required to preserve error on a challenge to conclusory statements because they constitute no evidence. *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004).

statement of opinion and not evidence of constructive fraud. Zimmerman also argues, without citing the record, that she presented evidence that Farias did not deny the statement. Zimmerman's response to the motion stated, "It was discovered . . . in Dr. Farias' deposition that she does not deny her counsel's statement."[8] The response is unclear as to whether Farias failed to deny her counsel made the statement or failed to deny the truth of the statement. It is also unclear what questions, if any, Farias was asked during her deposition about her counsel's statement. It thus is unclear how Farias' failure to deny her counsel's statement could support Zimmerman's constructive fraud claim, and we conclude the failure to deny the statement is not more than a scintilla of evidence in support of Zimmerman's claim. Furthermore, Zimmerman has not shown how the Professional Association's failure to provide benefits to its employees supports her claim that the Professional Association is a sham, and by itself, the fact that Farias is the Professional Association's sole shareholder is not evidence of a sham to perpetrate a fraud. *See Lucas*, 696 S.W.2d at 374 (noting courts will not pierce veil between parent and subsidiary based on "mere unity of financial interest, ownership and control").

We conclude that Zimmerman did not present more than a scintilla of evidence to support her sham to perpetrate a fraud claim against Farias. Accordingly, the trial court did not err in granting summary judgment in favor of Farias regarding this claim.

We overrule Zimmerman's first issue.

---

[8] Zimmerman did not cite Farias' deposition or incorporate the relevant deposition testimony into the response.

## II.   No Error in Granting Summary Judgment in Favor of the Professional Association

In her second issue, Zimmerman challenges the trial court's grant of the Professional Association's traditional and no-evidence summary judgment motion on her premises liability claim against the Professional Association. We conclude that Zimmerman did not present more than a scintilla of probative evidence in support of each challenged element of her premises liability claim.

In a premises liability case, the duty owed to the plaintiff depends on the plaintiff's status at the time of the incident. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). Here, the parties agree that Zimmerman, as the Professional Association's employee, was an invitee when the incident in question occurred. *See, e.g., Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 644 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Thus, the Professional Association owed Zimmerman a duty "to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010); *Norman v. Henkel*, 14-12-00995-CV, 2013 WL 3895213, at *2 (Tex. App.—Houston [14th Dist.] July 30, 2013, no. pet. h.).

The elements of an invitee's premises liability claim in which it is alleged that a dangerous condition is known to or discoverable by a possessor of land are well established. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prevail on such a claim, a plaintiff must prove that (1) the possessor had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the possessor failed to exercise

11

reasonable care to reduce or eliminate the risk, and (4) the possessor's failure to use such care proximately caused the plaintiff's injuries. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *Motel 6 G.P.*, 929 S.W.2d at 3; *Samco Props., Inc. v. Cheatham*, 977 S.W.2d 469, 474-75 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

When faced with a no-evidence motion for summary judgment, a nonmovant cannot avoid judgment by simply filing voluminous evidence and stating generally that a genuine fact issue has been raised. *Kimbrell v. Mem'l Hermann Hosp. Sys.*, 14-12-00108-CV, 2013 WL 3945930, at *6 (Tex. App.—Houston [14th Dist.] Aug. 1, 2013, no. pet. h.); *see also San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A contrary holding would place an unreasonable burden on the trial court and would violate the requirement of Rule 166a(i) that the response must point out evidence that raises a genuine issue of fact as to each challenged element. *Kimbrell*, 2013 WL 3945930, at *6 (affirming no-evidence summary judgment when nonmovant referred generally to deposition testimony but did not include particular statements in the depositions or pages of the deposition transcripts); *Crawford*, 171 S.W.3d at 331 (affirming a no-evidence summary judgment when the nonmovant responded with a general statement that fact issues existed and referenced 650 pages of evidence, although the nonmovant made more specific arguments on appeal).

The Professional Association moved for summary judgment on the ground, among others, that Zimmerman failed to present evidence that a condition on the premises posed an unreasonable risk of harm.[9] A condition does not pose an

---

[9] The other grounds on which the Professional Association moved for no-evidence summary judgment are that Zimmerman failed to present evidence that (1) the Professional Association created a dangerous condition, (2) the Professional Association failed to exercise reasonable care, or (3) the Professional Association's alleged lack of care proximately caused

unreasonable risk of harm simply because it is not foolproof. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007). A condition poses an unreasonable risk of harm when there is a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen*." Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 671 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Whether a particular condition poses an unreasonable risk of harm is generally fact specific, but there is no definitive test for determining this issue. *Pipkin*, 383 S.W.3d at 671.[10] However, the mere happening of an accident is not, of itself, evidence that there was an unreasonable risk of such an occurrence. *Smylie v. First Interstate Bank, Tex.*, No. 14-99-00713-CV, 2000 WL 1707308, at *2 (Tex. App.—Houston [14th Dist.] Nov. 16, 2000, no pet.) (not designated for publication).

Zimmerman filed a response that attached three deposition transcripts and medical records as evidence. The deposition transcripts included 307 pages, and the medical records included 41 pages. However, with regard to many factual statements in her response, she did not include references to any particular statements in the depositions or cite pages of the deposition transcripts or the medical records. Accordingly, we consider as evidence only the factual statements in the response that reference specific statements in the depositions, pages of the deposition transcripts, or pages of the medical records. *See Kimbrell*, 2013 WL 3945930, at *6.

---

Zimmerman's injuries.

[10] Although this question is ordinarily one of fact, it may be decided as a matter of law. *Id*.; *see also Brinson Ford, Inc.*, 228 S.W.3d at 163 (holding as a matter of law that ramp at entrance of car dealership did not pose an unreasonable risk of harm when, among other things, no customer had been previously injured by it and the dealership had not received prior complaints about its safety).

Zimmerman presented deposition testimony from Marjorie F. Merritt, another employee of the Professional Association, which included the following statements of fact referenced in Zimmerman's response:

- The operatory room in which Zimmerman worked had an ultrasonic scaler, the Cavitron, with wires connected to its pedal.[11]

- Merritt was concerned that the Cavitron wires were unsafe and informed Farias of the problem "more than six months" before Zimmerman was injured.

- Farias subsequently provided a cart to "be able to move [the Cavitron] around the wires that were in [the] way."

- The cart, which Farias provided before Zimmerman was injured, "t[ook] care of the concerns [Merritt] had about the wires."

- A new digital x-ray machine was installed approximately four months before Zimmerman was injured, which uses a sensor that is put into the patient's mouth and has a wire that runs from the sensor to a computer on the counter. Some wires also connected the computer monitor to the hard drive.

- Merritt knew there were "other hoses and wires" in the operatory room when Zimmerman was injured than the wires associated with the Cavitron.

- Farias made changes to the operatory room where Zimmerman was injured after the injury occurred.

This evidence does not comprise more than a scintilla of evidence that a condition on the premises posed an unreasonable risk of harm. The only evidence of a potentially dangerous condition was based on Merritt's testimony that she had been concerned the Cavitron wires were unsafe. However, Farias provided a cart for the Cavitron wires well before Zimmerman's accident, which Merritt testified

---

[11] Merritt testified the scaler removes tartar from patient's teeth using ultrasound, and it is operated with a pedal.

14

remediated the allegedly dangerous condition. Moreover, the changes Farias made to the operatory room after Zimmerman was injured do not, standing alone, constitute evidence that any condition in the operatory room previously had posed an unreasonable risk of harm. *See Smylie*, 2000 WL 1707308, at *2 (noting evidence of unreasonable risk of harm must include attributes of the condition making it dangerous).

As to the other evidence presented, although the x-ray machine had wires and Merritt recognized that there were "other hoses and wires" in the operatory room than the wires associated with the Cavitron, Zimmerman presents no evidence of any details regarding how a condition of the room may have been unsafe. *See id*. That she allegedly tripped and fell—evidence of which is not even presented in Zimmerman's response to the motion for summary judgment—is not evidence describing the attributes of a condition that rendered it an unreasonable risk of harm. *See id*. For example, there is no evidence indicating where the wires and hoses were when Zimmerman was injured, whether they obstructed the area where Zimmerman performed her duties, or whether their placement was in compliance with any applicable standards for dental equipment. *See id*. Similarly, although Merritt complained about the safety of the Cavitron wires, the evidence showed Farias addressed that problem, and Zimmerman did not present any evidence of any other, or more specific, complaints regarding the safety of the premises. *See Farrar*, 362 S.W.3d at 701.

Even when viewed in a light most favorable to Zimmerman, we conclude that Zimmerman has not produced any evidence to support the element that the condition complained of posed an unreasonable risk of harm. *See Smylie*, 2000 WL 1707308, at *3. She presented no evidence that the condition presented a probability of harm that a reasonable person would have foreseen. *See id*. at *2-3

15

(holding testimony that plaintiff slipped on rocks was some evidence of a condition on the premises but not of an unreasonable risk of harm when plaintiff did not produce evidence describing the attributes of the condition that rendered it an unreasonable risk of harm); *see also Brinson Ford*, 228 S.W.3d at 163 (holding ramp into car dealership did not pose unreasonable risk of harm when it met safety standards, was outlined in yellow color, was lower to ground than a step, no other customers had been injured, and dealership had not received prior complaints about safety); *cf. Cnty. of Cameron*, 80 S.W.3d at 556 (concluding fact question existed regarding whether it was foreseeable that a change of lighting at night on causeway could impair motorist's ability to avoid obstacles).

We conclude that Zimmerman did not present more than a scintilla of evidence to support each challenged element of her premises liability claim against the Professional Association. Accordingly, the trial court did not err in granting summary judgment in favor of the Professional Association. Because Zimmerman did not satisfy the no-evidence burden of proof as to this claim, we need not address whether Farias' evidence satisfied the traditional summary-judgment burden of proof. *See PAS*, 350 S.W.3d at 607.

We overrule Zimmerman's second issue.

We affirm the judgment of the trial court.


/s/         Martha Hill Jamison
                Justice


Panel consists of Justices Boyce, Jamison, and Busby.

16