**Affirmed and Memorandum Opinion filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00639-CV

---

### PARRISH SERVANCE, Appellant

### V.

### BANK OF AMERICA, N.A., Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2011-59489**

---

## M E M O R A N D U M   O P I N I O N

Appellant Parrish Servance purchased his home through a contract for deed in 2000.[1]  In 2009, the homeowners of record filed for bankruptcy and stopped making mortgage payments to appellee Bank of America, N.A. (BOFA).  Servance

---

[1] A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full.  *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005).  Such contracts differ from conventional contracts for sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain.  *Shook v. Walden*, 368 S.W.3d 604, 625 (Tex. App.—Austin 2012, pet. denied).

subsequently cured the homeowners' default and made some payments to BOFA. After Servance stopped making payments, BOFA began foreclosure proceedings against the homeowners of record. After Servance filed suit against BOFA and obtained a temporary restraining order to stop the scheduled foreclosure sale, the trial court entered summary judgment in BOFA's favor. In four issues, Servance complains of the trial court's grant of summary judgment. We affirm.

## *Background*

Kendra Spencer executed a deed of trust granting a lien on the subject property to secure payment of a note in the amount of $29,362. Countrywide Home Loans Servicing, LP was the original mortgage servicer of the note and deed of trust. Countrywide later changed its name and then was merged into BOFA. Approximately three months later, Servance entered into a contract for deed with Charles and Kendra Spencer to purchase the property.[2] Servance alleges he made all of the required monthly payments to the Spencers until he received a letter at the property from Countrywide addressed to Kendra indicating that the loan was in default. Servance alleges he paid Countrywide directly to cure the default and began making monthly payments directly to Countrywide (subsequently BOFA). BOFA alleges that Servance stopped making payments after April 2011.[3]

In June 2011, BOFA served Kendra at the property with notice that the loan was again in default. When the default was not cured, BOFA accelerated the note and served Kendra at the property with notice that the property would be sold at a

---

[2] Servance alleges the contract for deed required him to pay $49,000 for the property, to be paid in monthly installments including interest after he made a down payment. Servance was also required to pay money into escrow to cover ad valorem taxes and hazard insurance on the property.

[3] Servance testified he was "unsure" if he made any payments after April 2011, but admits that he stopped making payments in 2011.

foreclosure sale in October 2011.

On the date of the scheduled foreclosure sale, Servance filed suit and obtained a temporary restraining order (TRO) enjoining the foreclosure sale.[4] Servance's live petition asserts a single cause of action against BOFA, seeking to enforce an alleged promise that Servance would "receive title to" the property. Specifically, Servance alleged that BOFA's promise could be inferred by BOFA's conduct in accepting mortgage payments from Servance and that Servance "had the right to expect that upon full payment of the lien he would acquire title to the property."

BOFA filed separate no-evidence and traditional motions for summary judgment, asserting Servance could produce no evidence supporting each element of his promissory estoppel claim and arguing in its traditional motion that (1) the claim is barred by the statute of frauds, (2) the alleged promise was too indefinite to be enforced or reasonably relied upon, and (3) Servance failed to perform his obligations under the purported agreement. The trial court granted both motions and entered final judgment in favor of BOFA.

### *Discussion*

In four issues, Servance complains that the trial court erred in granting BOFA's summary judgment because (1) Servance produced evidence of each element of promissory estoppel; (2) the trial court did not apply the proper standard in deciding the motion—to view the evidence in the light most favorable to Servance and indulge every reasonable inference in his favor; (3) the statute of frauds does not apply; and (4) Servance partially performed the conditions of the

---

[4] The signed TRO is not in the appellate record. However, the TRO citation, signed by the district court clerk, states that the trial court signed the "attached" order requiring BOFA to "cease and desist from doing each and all of the acts said Order . . . restrains you from doing . . . ."

contract for deed.  We conclude that Servance did not present competent summary judgment evidence of a promise made to him by BOFA.

We review the trial court's granting of summary judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 661 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).  In reviewing either a no-evidence or a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant.  *Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In a no-evidence motion for summary judgment, the movant asserts there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact.  *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 50 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  We will sustain a no-evidence motion for summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact.  *Drake Interiors, L.L.C. v. Thomas*, 433 S.W.3d 841 (Tex. App.—Houston [14th Dist.] 2014, no. pet. h.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).

More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes Inc. v. Granada Biosciences, Inc.* 124 S.W.3d 167, 172 (Tex. 2003); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged element. *Forbes Inc.*, 124 S.W.3d at 172; *Mendoza*, 276 S.W.3d at 655. If the nonmovant does not satisfy its burden of production on the no-evidence motion, there is no need to analyze whether the movant satisfied its traditional summary judgment burden. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Pipkin*, 383 S.W.3d at 662.

**No Evidence of a Promise**. In his second issue, Servance argues he presented competent summary judgment evidence of each element of his promissory estoppel claim against BOFA. BOFA moved for no-evidence summary judgment on the ground that Servance could produce no evidence in support of any element of his promissory estoppel claim. Thus, to overcome BOFA's no-evidence motion for summary judgment, Servance was required to present more than a scintilla of probative evidence to raise a genuine issue of material fact as to each of the following elements: (1) BOFA made a promise to him; (2) he reasonably and substantially relied on the promise; (3) his reliance was foreseeable to BOFA; and (4) enforcing the promise is necessary to avoid injustice. *See Collins v. Walker*, 341 S.W.3d 570, 573-74 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

In certain circumstances, a promise may be inferred from action or inaction. *See, e.g., Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 302 (Tex. App.—Austin 2000, pet. denied) ("[I]n some instances silence may give rise to estoppel.") (citing *Cooper Petroleum Co. v. LaGloria Oil & Gas Co.*, 436 S.W.2d 889, 894

5

(Tex. 1969)). However, to support a finding of promissory estoppel, the asserted "promise" must be sufficiently specific and definite enough to be enforced. *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 635 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558 (Tex. App.—San Antonio 1998, no pet.); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 570 (Tex. App.—Dallas 1989, no writ). The promise also must be more than mere speculation concerning future events, a statement of hope, or an expression of opinion, expectation, or assumption. *Comiskey*, 373 S.W.3d at 635.

It is not entirely clear what the alleged promise was supposed to be. Servance apparently alleges that by accepting his payments, BOFA agreed to let him pay off the mortgage and then to transfer title to him, even though BOFA did not hold title to the property. Servance presented an affidavit in response to the no-evidence motion for summary judgment in which he attested:

- "[BOFA] allowed me to cure the Spencer default in 2009 and . . . continued accepting payments from me without question or objection until 2011 when I was unable to make them."

- After Servance stopped making mortgage payments, he contacted BOFA "to speak with [its representatives] about a payment plan or some alternative to foreclosure, but the [BOFA] representatives . . . refused to speak with me, even after accepting my payments on the Spencer mortgage account for almost two years."

- "[U]nlike 2009, [BOFA] refused to allow me to cure the default or even tell me the amounts necessary to cure the default. Had I known [BOFA] was going to ignore its promise, I would have prepared far earlier."

These facts only show that BOFA accepted mortgage payments from Servance as well as a payment to cure the Spencers' first default. Servance has pointed to no legal prohibition preventing a lender from accepting mortgage

6

payments from someone other than the mortgagor.

We conclude there is no evidence that BOFA made a promise to Servance. Accordingly, we overrule Servance's second issue and hold that the trial court did not err in granting BOFA's no-evidence motion for summary judgment because Servance did not meet his burden to present more than a scintilla of probative evidence to raise a genuine issue of material fact as to whether BOFA made him a promise. Therefore, we need not reach the other issues complaining of the trial court's grant of summary judgment.

We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Christopher, Jamison, and McCally.