**Howard H. GANO, Appellant,**

v.

**FILTER–AID COMPANY, Inc., et al.,
Appellees.**

**No. 11471.**

Court of Civil Appeals of Texas.

Austin.

April 19, 1967.

Joseph H. Peck, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Stanley B. Binion, John M. Robinson, Reynolds, White, Allen & Cook, Houston, Crawford Martin, Atty. Gen., John F. Pettit, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal by Howard H. Gano, Intervenor below, from a judgment of the District Court reviving and reinstating the corporate charter of Appellee, Filter-Aid Company, Inc., previously forfeited by the Secretary of State for Appellee's failure to file franchise tax reports and pay franchise taxes to the State of Texas.

Appellee's suit below was in the nature of a Bill of Review proceeding wherein the Secretary of the State of Texas and the Attorney General of Texas together filed a general denial as defendants.

Appellant, with the approval of the court and the agreement of all parties, duly intervened as a Co-Defendant with the Secretary of State and the Attorney General to resist Appellee's Bill of Review.

After a hearing before the court without a jury, the court granted Appellee's Bill of Review and entered a judgment setting aside and vacating the Secretary of State's prior forfeiture and reinstating and reviving Appellee's Corporate Charter.

We reverse and render the judgment of the trial court.

Appellant is before this Court on five points of error, however, inasmuch as we grant his Point D under his point of error number one, it is unnecessary for us to consider his remaining points. Here Appellant maintains that Tex.Rev.Stat.Ann. art. 12.17 Taxation-General, as amended August 30, 1965, is unconstitutional, as applied to Appellant, in that the direct and indirect effect of such amendment is to divest and impair vested property rights of Appellant.

We sustain this point.

Appellant was a stockholder of Appellee at the time Appellee's charter was forfeited and as such immediately became the owner of an undivided interest in the property of Appellee. In a situation such as this, title to the assets of the corporation vests in the stockholders subject to payment of debts owed by the corporation. Humble Oil and Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891 (1951).

Article 12.17 supra reads in part as follows:

"The corporation shall first file all delinquent franchise tax returns as required by law and also pay all franchise taxes, penalties and interest due by said corporation at the time of filing the suit hereinafter mentioned. Any stockholder or director of the corporation at the time of the forfeiture of the right to do business, or of the charter, may, in the name of the corporation, bring suit in the District Court of Travis County, Texas, in the nature of a bill of review to set aside such forfeiture. The Secretary of State and Attorney General shall be made defendants in said suit. In the event judgment is rendered setting aside the charter forfeiture, the Secretary of State shall endorse on the charter of said corporation the words 'Charter Revived by Court Judgment' and state the cause and date on which such judgment was entered, and shall administratively revive the corporation's right to do business in accordance with the provisions of Article 12.15 of this Title. If the forfeited corporation's charter is revived, it shall ascertain from the Secretary of State whether the name of the forfeited corporation is available, and, if not available, file an amendment to its charter changing the name of the corporation. It is further provided that nothing in this Act shall affect the liability of the officers and directors of such corporation for any debts, obligations or liabilities incurred between the date of the forfeiture of the right to do business and the revival as herein provided. As amended Acts 1965, 59th Leg., p. 1268, ch. 582, § 1."

Article 12.17 was not in effect at the time that Appellee's charter was forfeited. At the time of the forfeiture there was no remedy or appeal from such action.

The law pertinent hereto was stated in Rossi v. Caire et al, 186 Cal. 544, 199 P. 1042, 1921 by the Supreme Court of California with a fact situation identical to the case at bar. In Rossi, the corporation there under consideration had forfeited its charter for failure to pay its franchise taxes. Thereafter the legislature enacted a statute providing for the rehabilitation and revival of corporate charters. Here the court held that the enforcement of such a statute reviving a corporate charter against a nonconsenting former stockholder who diligently asserted his rights, would be an impairment of a vested right in property prohibited by both State and Federal Constitutions. The court said:

"The judgment of death pronounced by the law on this corporation had been carried into effect. The corporation was dead, and had died without any existing provision of law for its revivification. Taking, for the purposes of this decision, the view most favorable to respondent, the legal title to the property of the former corporation had wholly vested in the trustees designated by the statute for the purposes of the trust declared by the statute, which were solely the liquidation of the affairs of the corporation and the distribution of the property remaining among the former stockholders. Subject to the expenses of the trustees and the payment of creditors, the former stockholders were the sole beneficiaries and the absolute owners in equity of the property. Under all the definitions this was certainly a vested property right. It cannot matter why such penalty of forfeiture of charter was imposed and enforced, or what the obligation to each other of the former stockholders would have been had such penalty not been enforced. The status with relation to the property had been created, and the terms of the trust upon which it was held defined. We do not see how it can be held that the rights of former stockholders under the trust defined by the statute, the right subject to the payment of the former corporation

debts and expense of liquidation, to have the property distributed among them, was not a vested property right secure against impairment by subsequent act of the Legislature."

We reverse the judgment of the trial court and render judgment for appellant dismissing the Bill of Review proceedings instituted by Appellee, Filter-Aid Company, Inc.

Reversed and rendered.