**Affirmed in part and reversed and remanded in part and Opinion filed August 20, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00174-CV

---

### TRACEY LYNN FREEZIA, Appellant

### V.

### IS STORAGE VENTURE, LLC, JLE INVESTORS, INC. D/B/A ASSOCIATED MORTGAGE INVESTORS, POST OAK BANK, N.A., AND JAMES L. EMERSON, Appellees

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2012-20372**

---

## O P I N I O N

In this dispute over title to real property, appellant Tracy Lynn Freezia appeals the trial court's summary judgments in favor of appellees IS Storage Venture, LLC, JLE Investors, Inc. dba Associated Mortgage Investors ("JLE"), Post Oak Bank, N.A., and James L. Emerson. We affirm in part and reverse and

remand in part.

## FACTS & PROCEDURAL BACKGROUND

Designer Homes, Inc. ("DH") was incorporated by Freezia's father on March 28, 1958. The corporation's charter limited the term of its existence to twenty-five years. DH acquired the subject property located at 215 Wynne Street in Houston, Texas (the "Wynne Property") on October 6, 1971. DH's charter was forfeited on March 16, 1981 for delinquent franchise taxes. On July 30, 1992, DH applied for reinstatement. The secretary of state accepted DH's application. However, according to a memo from the secretary of state submitted by Freezia as summary-judgment evidence, the secretary of state's acceptance of the application did not revive DH's corporate existence because DH was terminated under the terms of its charter on March 28, 1983. Freezia's father continued operating the business as DH until his death in 2004. His will, which was probated on April 27, 2004, left all of his property to his four daughters in equal shares. After her father's death, Freezia took over running the business.

In 2005, Freezia determined that the company needed capital. She and JLE began negotiating a loan transaction. As part of its due diligence, JLE conducted a title search, which revealed that the Wynne Property was owned by DH. The parties also learned that DH's charter had been terminated and that the name Designer Homes, Inc. was no longer available. To alleviate the problem, Freezia incorporated a new company called Original Designer Homes, Inc. ("ODH"). ODH's charter stated that DH had been operating as a "de facto" corporation since its charter was forfeited. ODH's charter suggests that ODH is the equivalent of DH, just with a new name. However, DH did not assign any of its real property interests to ODH.

Once ODH was created, JLE and Freezia proceeded with the transaction. On June 29, 2005, JLE loaned ODH $360,000. In return, ODH granted JLE a deed of trust to the Wynne Property. Freezia signed the loan documents—which included a promissory note, the deed of trust, a borrower's certificate, and an assignment of rents—on behalf of ODH. In these documents, ODH represented that it owned the Wynne Property. Freezia also signed a personal guaranty as part of the transaction. Emerson was named as the trustee in the deed of trust. As trustee, Emerson had the authority to foreclose on the property in the event of a default.

JLE and ODH modified the transaction twice, once in 2006 and again in 2008. Each modification agreement incorporated by reference all the loan documents, including Freezia's guaranty. Freezia signed the modifications on behalf of ODH and individually as a guarantor.

The evidence suggests ODH was behind on its obligations. A tax document attached to a February 8, 2010 letter describing the status of the loan shows ODH's outstanding debt at $369,525.63. The tax document indicates that final payment was scheduled for June 29, 2010. JLE foreclosed on the property on July 5, 2011. JLE purchased the property at the foreclosure sale. IS Storage then purchased the property from JLE. Post Oak Bank financed IS Storage's purchase.

Sometime after the foreclosure, Freezia learned that DH did not actually own the Wynne Property. Rather, according to her, the property passed to her father when DH ceased to exist in 1983. As a result, the property then passed to her and her three sisters upon her father's death. After making this discovery, Freezia's sisters conveyed their share of the property to Freezia by separate quitclaim deeds, each dated March 30, 2012. *See Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 487 (Tex. 2005) (quitclaim deeds are used to convey interests of an unknown extent or claims having a dubious basis). Freezia

3

sued JLE, Emerson, IS Storage Ventures, and Post Oak Bank on April 4, 2012. Freezia brought the following claims:

- Trespass to try title against JLE, IS Storage Ventures, LLC, and Post Oak Bank. Freezia claimed that she has superior title to JLE, IS, and Post Oak Bank.

- Wrongful foreclosure against JLE and Emerson. Freezia claimed that JLE and Emerson did not have a valid deed of trust because ODH was not the owner of the Wynne Property.

- Money Had and Received against JLE and IS Storage. Freezia alleged that by collecting rent on property they do not own, JLE and IS have money that rightfully belongs to her.

- Conversion against IS Storage and JLE. Freezia alleged that JLE and IS Storage exercised dominion and control over her personal property, namely, the income produced by the Wynne Property.

- Negligence per se against Emerson. Freezia alleged Emerson committed perjury in violation of Texas Penal Code section 37.02 when he represented that he was foreclosing on a valid deed of trust.

The defendants moved for summary judgment, and the trial court rendered three separate summary judgments in the defendants' favor. First, JLE and Emerson (collectively, the "JLE Parties") filed a traditional motion for summary judgment. They asserted that they were entitled to judgment as a matter of law because they could conclusively establish their affirmative defenses of estoppel, ratification, waiver, and bona fide mortgagee. They further asserted that their summary-judgment evidence conclusively negated at least one element of each of Freezia's claims. On August 9, 2013, the trial judge granted the JLE Parties' motion in part. The trial judge did not state the grounds upon which it granted summary judgment. The trial judge excluded from its order Freezia's claim for negligence per se against Emerson.

Second, IS Storage and Post Oak Bank filed a no-evidence motion for

4

summary judgment. IS Storage and Post Oak Bank asserted there is no evidence showing that Freezia has superior title to the Wynne Property. As a result, Freezia's claims against Post Oak and IS Storage—trespass to try title, money had and received, and conversion—must fail. According to IS Storage and Post Oak Bank, because JLE conveyed the Wynne Property to IS Storage and the trial court granted summary judgment in favor of JLE, the trial court must grant the summary judgment in favor of IS Storage and Post Oak Bank. On October 4, 2013, the trial judge granted IS Storage and Post Oak Bank's no-evidence motion for summary judgment.

Third, Emerson filed a hybrid motion for summary judgment with respect to Freezia's negligence per se claim. In the traditional portion of his motion, Emerson first asserted that he could conclusively establish the affirmative defense of waiver. He then asserted that the evidence conclusively negated one or more of the elements of negligence per se. Specifically, he argued that no duty of care existed between him and Freezia; Freezia waived her claims against Emerson; and, because Freezia's live petition based the negligence per se claim on Emerson's wrongful foreclosure and summary judgment was granted in favor of JLE for wrongful foreclosure, Freezia's negligence claim must fail. Emerson then stated no-evidence grounds for summary judgment. Emerson asserted that Freezia could not produce any evidence that he committed negligence per se based on the perjury statute. Finally, Emerson stated that he was entitled to judgment because he filed a verified denial pursuant to Property Code section 51.007,[1] and Freezia did not

---

[1] Section 51.007 states that the trustee named in a suit may plead that he is not a necessary party by a verified denial. Tex. Prop. Code Ann. § 51.007(a) (West 2014). The denial must state the basis for the trustee's reasonable belief that he was named as a party solely in his capacity as a trustee under a deed of trust, contract lien, or security instrument. *Id.* Within thirty days of the trustee's filing, all parties to the suit must file a verified response rebutting the trustee's denial. *Id.* § 51.007(b). If a party fails to file a timely verified response, the trustee must be dismissed from the suit without prejudice. *Id.* § 51.007(c).

respond to the denial as required. Based on Freezia's failure to respond, Emerson concludes he should be dismissed from the lawsuit. The trial judge granted Emerson's motion for summary judgment on February 7, 2014. The trial judge did not specify the basis on which she granted the defendants' respective motions for summary judgment.[2]

In two issues, Freezia appeals the August 9, 2013 order granting summary judgment in favor of the JLE Parties and the October 4, 2013 order granting summary judgment in favor of IS Storage and Post Oak Bank. She has not appealed the February 7, 2014 summary judgment in favor of Emerson.[3] We consider the October 4, 2013 order first.

## DISCUSSION

### Summary Judgment Standards of Review

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment is basically a motion for pretrial directed verdict and is governed by the standards of Texas Rule of Civil Procedure 166a(i). *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Under rule 166a(i), after an adequate time for discovery, the party without the burden of proof can move for summary judgment on the ground that the respondent has presented no evidence supporting one or more element essential to the respondent's claim or defense. Tex. R. Civ. P. 166a(i). The respondent must then present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each

---

[2] JLE filed counterclaims against Freezia on May 13, 2013. JLE nonsuited its counterclaims on May 19, 2015, making the summary judgments final for jurisdictional purposes.

[3] Because Freezia has not challenged the February 7, 2014 summary judgment on appeal, we consider only the two remaining summary judgments.

element contested in the motion. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged element. *Id.* "We review the evidence . . . in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the respondent satisfies its burden of production on the no-evidence motion, then the trial court cannot properly grant the summary judgment. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 662 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

To prevail on a traditional motion for summary judgment, the movant must show that there is no issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999). As with a no-evidence summary judgment, we take as true evidence favorable to the respondent and indulge every reasonable inference and resolve any doubts in the respondent's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). If, as here, the trial court's summary judgment does not specify the basis for its ruling, the summary judgment will be affirmed if any of the theories advanced by the movant are meritorious. *Id.*

**IS Storage's & Post Oak Bank's No-Evidence Motion for Summary Judgment**

In her second issue, Freezia contends the trial court erred in granting IS Storage's and Post Oak Bank's no-evidence motion for summary judgment. We agree.

In their motion for summary judgment, IS Storage and Post Oak Bank asserted there is no evidence showing that Freezia has title to the Wynne Property. As a result, they contended, all of Freezia's claims against Post Oak Bank and IS Storage—trespass to try title, money had and received, and conversion—must fail. They also implicitly argued that they are entitled to summary judgment because the trial court granted the JLE Parties' motion for summary judgment. They did not, however, incorporate into their motion any of the JLE Parties' arguments that it had conclusively proven affirmative defenses or conclusively disproven elements of Freezia's claims; nor did they incorporate any of the JLE Parties' summary-judgment evidence supporting those arguments. Consequently, we interpret IS Storage's and Post Oak Bank's motion as a no-evidence motion for summary judgment based on the lack of evidence showing Freezia's superior title to the Wynne Property.[4]

A trespass to try title suit is "the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001(a) (West 2000). It is generally used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). To recover in a trespass to try title action, the plaintiff must recover upon the strength of her own title. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). The plaintiff can recover by proving: (1) a regular

---

[4] We acknowledge that IS Storage and Post Oak Bank incorporated by reference the entirety of the JLE Parties' appellate brief.

chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitations; or (4) prior possession that has not been abandoned. *Id.* The issue in this case is whether Freezia can prove superior title out of a common source.

The common source in this case is DH. The parties do not dispute that DH had good title to the Wynne Property. Freezia claimed to have obtained an interest in the Wynne Property by devise from her father. Therefore, in order to prevail, Freezia must show that at the time of his death, her father, rather than DH, owned the Wynne Property. Freezia submitted the following evidence with her summary-judgment response:

- DH was incorporated in 1958; its charter limited its existence to twenty-five years.
- Freezia's father was DH's only stockholder.
- DH acquired the Wynne Property in 1971.
- DH's charter lapsed in 1983.
- Freezia's father continued operating the business after the charter lapsed.
- Freezia's father's attempt to reinstate DH's charter in 1992 was not effective given the express statement in the charter limiting DH's term to twenty-five years.
- Freezia's father died testate in 2004.
- Freezia's father's will left all of his property in equal shares to his four daughters.
- The Wynne Property was never conveyed to ODH by DH or by Freezia and her sisters.

Under Texas law, when DH's charter lapsed in 1983, all of its assets became her father's—that is, the sole shareholder's—property, subject to the rights of creditors and the statutory powers of DH's officers and directors to settle its

9

affairs. *See Courseview, Inc. v. Phillips Petroleum Co.*, 312 S.W.2d 197, 203 (Tex. 1957); *Gill v. Hous. Produce Terminal, Inc.*, 444 S.W.2d 800, 803–04 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.); *Gano v. Filter-Aid Co.*, 414 S.W.2d 480, 481 (Tex. Civ. App.—Austin 1967, no writ). When considered in conjunction with applicable Texas law, the record does contain some evidence that the Wynne Property passed from DH to Freezia's father in 1983. It then passed to Freezia and her sisters through their father's will. On this record, we conclude that Freezia presented more than a scintilla of evidence to establish her trespass to try title claim.

A cause of action for money had and received arises when the defendant obtains money which in equity and good conscience belongs to the plaintiff. *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. App.—Houston [14th Dist.] 2001, no pet.). It is an equitable doctrine applied to prevent unjust enrichment. *Id.*

Freezia brought a claim for money had and received to recover rental income obtained by IS Storage. Freezia based this claim on her allegation that IS Storage did not have valid title to the Wynne Property. In its no-evidence motion for summary judgment, IS Storage asserted that it purchased the Wynne Property from JLE, holds valid title to the Wynne Property, and therefore has a right to any rental income generated by the Wynne Property. As previously discussed, we interpret IS Storage's position to be that Freezia cannot prevail on her claim for money had and received because Freezia presented no evidence that the Wynne Property belongs to her. Because Freezia presented more than a scintilla of evidence that she and her sisters owned the Wynne Property at the time of the loan transaction, we conclude there is sufficient evidence in the record to defeat IS Storage's no-evidence motion for summary judgment on Freezia's claim for money had and received.

Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971). The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. *Hunt*, 68 S.W.3d at 131. A plaintiff can recover for the conversion of rental income. *Hoenig v. Tex. Commerce Bank, N.A.*, 939 S.W.2d 656, 664 (Tex. App.—San Antonio 1996, no writ).

Freezia alleged that IS Storage converted the rental income produced by the Wynne Property. As with her other claims, this allegation was based on her position that she holds superior title to the Wynne Property. In its no-evidence motion for summary judgment, IS Storage assumed exactly the same position that it assumed on the money-had-and-received claim—namely, that any rental income generated by the Wynne Property was the result of IS Storage's valid purchase of the Wynne Property from JLE. We therefore interpret IS Storage's position to be that Freezia cannot prevail on her conversion claim because Freezia presented no evidence that the Wynne Property belongs to her. Because Freezia presented more than a scintilla of evidence that she and her sisters owned the Wynne Property at the time of the loan transaction, we conclude there is sufficient evidence in the record to defeat IS Storage's no-evidence motion for summary judgment on Freezia's conversion claim.

Viewing the evidence in the light most favorable to Freezia, we conclude Freezia successfully raised a fact issue on whether she and her sisters owned the

11

Wynne Property. Therefore, the trial court erred in granting IS Storage's and Post Oak Bank's no-evidence motion for summary judgment. We sustain Freezia's second issue challenging the summary judgment in favor IS Storage and Post Oak Bank.

## The JLE Parties' Traditional Motion for Summary Judgment

In her first issue, Freezia contends the trial court erred in granting the JLE Parties' traditional motion for summary judgment. We disagree. The JLE Parties conclusively established the affirmative defense of quasi-estoppel.

Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit. *Id.* Quasi-estoppel forbids a party from accepting the benefits of a transaction and then subsequently taking an inconsistent position to avoid corresponding obligations or effects. *Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A party need not show a false representation or detrimental reliance in order to prove the affirmative defense of quasi-estoppel. *Steubner Realty 19, Ltd. v. Cravens Rd. 88, Ltd.*, 817 S.W.2d 160, 164 (Tex. App.—Houston [14th Dist.] 1991, no writ).

One form of quasi-estoppel, estoppel by contract, is based upon the idea that a party to a contract cannot, to the prejudice of another, take a position inconsistent with the contract's provisions. *Zieben v. Platt*, 786 S.W.2d 797, 802 (Tex. App.—Houston [14th Dist.] 1990, no writ). Estoppel by contract binds a party to the terms of her own contract unless the contract is void, annulled, or set aside in some way. *Ohrt v. Union Gas Corp.*, 398 S.W.3d 315, 329 (Tex. App.—Corpus Christi 2012,

pet. denied); *Royalco Oil & Gas Corp. v. Stockhome Trading Corp.*, 361 S.W.3d 725, 732 (Tex. App.—Fort Worth 2012, no pet.). It precludes a party to a valid instrument from denying the truth of the recitals in the instrument. *See Masgas v. Anderson*, 310 S.W.3d 567, 571 (Tex. App.—Eastland 2010, pet. denied).

Under the facts of this case, Freezia is estopped from taking the position that she has superior title to the Wynne Property. JLE, ODH, and Freezia entered into two separate Modification and Extension Agreements, one on June 28, 2006 and the other on July 17, 2008. The text of the Modification and Extension Agreements is, in relevant part, identical. The agreements incorporated by reference "the Note, the Deed of Trust, the Security Agreement, the Guaranty Agreements, and each and every document and instrument executed by [ODH] or [Freezia] for the benefit of [JLE] in connection with the Loan (collectively, 'Loan Documents') . . . ." Paragraph (16) of the agreements contained the following provision:

> Each Guarantor [Freezia] . . . (d) reaffirms each representation, warranty, covenant, agreement and obligation contained in or arising under Guarantor's Guaranty Agreement and the other Loan Documents as if each were separately stated herein and made as of the date hereof.

Freezia executed the Modification and Extension Agreements both individually, as guarantor, and in her capacity as the President of ODH.

Among the incorporated "Loan Documents" were the Deed of Trust and a Borrower's Certificate. In the Deed of Trust, ODH represented and warranted that it holds title to the Wynne Property. Similarly, in the Borrower's Certificate, ODH represented and warranted that it holds fee simple title to the Wynne Property. Therefore, pursuant to Paragraph (16) of the Modification and Extension Agreements, Freezia, individually, "reaffirmed" the representations and warranties previously made by ODH in the Loan Documents. In other words, by executing the

Modification and Extension Agreements, Freezia represented and warranted that ODH holds fee simple title to the Wynne Property. Freezia now seeks a judgment setting aside the foreclosure sale and granting Freezia title and possession of the Wynne Property—that is, Freezia now argues that she, not ODH, holds title to the Wynne Property. However, Freezia is bound by the terms of her contracts, and she cannot take a position inconsistent with the contracts' provisions. *Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 570 (Tex. App.—Dallas 2007, no pet.). It would be unconscionable to allow Freezia to benefit by accepting, on behalf of ODH, a $360,000 loan secured by the Wynne Property and then to claim superior title after JLE has foreclosed on and sold the property. *See, e.g.*, *Lindley v. McKnight*, 349 S.W.3d 113, 132 (Tex. App.—Fort Worth 2011, no pet.) (it was unconscionable for estate to retain benefit it received for redemption of shares while challenging provisions of shareholders' agreements that made the redemption possible).

In sum, although Freezia maintains that she holds superior title to the Wynne Property, her position is inconsistent with the representations and warranties she made in the Modification and Extension Agreements. Permitting Freezia to assume an inconsistent position would disadvantage the JLE Parties by denying them the benefits of the loan transaction. Accordingly, Freezia is estopped from arguing that she has superior title to the Wynne Property. We conclude that the JLE Parties conclusively established the affirmative defense of quasi-estoppel.[5]

The JLE Parties conclusively established their affirmative defense quasi-estoppel. Therefore, the trial court properly granted summary judgment in favor of

---

[5] Freezia asserts in her appellant's brief that the JLE Parties' estoppel defenses must fail due to "unclean hands" and "mutual mistake." Because Freezia did not raise these arguments when responding to the JLE Parties' motion for summary judgment on the issue of quasi estoppel, she has waived them. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

JLE and Emerson, and we overrule Freezia's first issue.

## CONCLUSION

We sustain Freezia's second issue challenging the summary judgment in favor of IS Storage and Post Oak Bank. We overrule Freezia's first issue challenging the summary judgment in favor of the JLE Parties. Accordingly, we reverse the October 4, 2013 summary judgment in favor of IS Storage and Post Oak Bank and remand the case for further proceedings on Freezia's claims against IS Storage and Post Oak Bank. We affirm the August 9, 2013 summary judgment in favor of the JLE Parties.

/s/　　Marc W. Brown
　　　　Justice

Panel consists of Justices Jamison, Busby and Brown.