**Affirmed and Memorandum Opinion filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00151-CV

### 5500 GRIGGS, Appellant

### V.

### FAMCOR OIL, INC., Appellee

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2009-21808**

## M E M O R A N D U M   O P I N I O N

Appellant 5500 Griggs ("Griggs") filed suit against Famcor Oil, Inc. ("Famcor") for breach of contract. The trial court granted Famcor's no-evidence motion for summary judgment, and this appeal followed. In one issue, Griggs contends that the trial court erred by granting Famcor's motion. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2001, the surface and mineral owners of a 640-acre tract of real

property in San Jacinto County, Texas ("the Property") executed a Surface Use Agreement ("the Agreement"). The Agreement listed International Paper and several other entities as surface owners[1] and Pure Resources L.P. as the mineral owner. The Agreement created obligations for the surface and mineral owners, as well as their "respective heirs, executors, administrators, successors and assigns." In 2003, Griggs, a Texas corporation, purchased International Paper's interest in the surface of the Property. Griggs contends that Famcor is now the owner of all or some of the mineral rights in the Property.

In 2009, Griggs filed a breach-of-contract suit against Famcor, alleging that Famcor violated the terms of the Agreement by failing to compensate Griggs for the alleged reduction in fair market value of the Property caused by Famcor's drilling operations. According to Famcor, Griggs did not respond to discovery for over four years. Famcor filed its first no-evidence motion for summary judgment in June 2014. Famcor argued that pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, Griggs was prohibited from introducing into evidence any material or information that was not timely disclosed. *See* Tex. R. Civ. P. 193.6. However, according to Famcor, the trial court denied Famcor's motion and granted Griggs leave to answer any outstanding discovery. Famcor contends that Griggs did not respond to discovery for several more months, prompting Famcor to file its second no-evidence motion for summary judgment in October 2014.

In its second motion, Famcor argued that Griggs had not produced sufficient evidence to support any of the elements of breach of contract. Famcor also contended that Griggs was specifically prohibited from introducing any evidence

---

[1] The Agreement listed the following entities as surface owners: International Paper Company; International Paper Realty Company; IP Farms, Inc.; IP Petroleum Company, Inc.; IP Timberlands Operating Company, Ltd.; GCO Minerals Company; The Long-Bell Petroleum Company, Inc.; American Central Corporation; Champion Realty Corporation; Sustainable Forests LLC; and SP Forests LLC.

of damages under Rule 193.6. In response, Griggs argued that it had presented evidence of each element of breach of contract. Griggs also attached the following summary judgment evidence to its response to Famcor's motion:

- Exhibit A – Special Warranty Deed from International Paper to Griggs, covering the Property[2];
- Exhibit B – an incomplete copy of the Agreement[3];
- Exhibit C – notices of damages sent by Griggs to Famcor;
- Exhibit D – photographs of the alleged damage to the Property;
- Affidavit of Sharon Lewis, Griggs's president and sole shareholder; and
- Affidavit of Joseph Stanfield, Griggs's valuation expert.

Famcor then filed a reply to Griggs's summary judgment response. In its reply, Famcor objected to each item of summary judgment evidence presented by Griggs. However, the trial court granted Famcor's second no-evidence motion for summary judgment without stating the basis for its decision or ruling on any of Famcor's objections. Griggs appeals.

## ANALYSIS

### A. Standard of Review

A trial court must grant a no-evidence motion for summary judgment if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent fails to point out summary judgment evidence raising a

---

[2] The signature page of the deed indicates that the deed had 3 exhibits: Exhibit A: Description of Premises; Exhibit B: Permitted Exceptions; and Exhibit C: Mineral Reservation. However, only Exhibit A was attached. The deed does not mention the Agreement.

[3] The Agreement references Exhibits A–D; however, Griggs only produced Exhibit A. Further, it appears that Griggs only attached a portion of Exhibit A.

genuine issue of material fact on each of the challenged elements. See Tex. R. Civ. P. 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). In reviewing a no-evidence summary judgment, we review the evidence in the light most favorable to the non-movant against whom the summary judgment was rendered. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). If the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact, then the trial court cannot properly grant the no-evidence motion for summary judgment. *Id.* When, as here, the trial court does not state the basis for its decision in its summary judgment order, we must uphold the order if any of the theories advanced in the motion is meritorious. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989).

## B. Breach of Contract

One of the essential elements on which Famcor sought a no-evidence summary judgment was that Famcor breached the terms of the Agreement. *See West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Therefore, Griggs was required to produce more than a scintilla of evidence raising a genuine issue of material fact as to this element of its claim for breach of contract. *See Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 384 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003)).

On appeal, Griggs does not specifically address any of the elements of breach of contract, but generally states that it has produced evidence to establish the following:

1. Griggs's ownership of the Property;
2. Famcor's ownership of a portion of the mineral interest;

4

3. The terms of the Agreement;

4. Famcor's drilling of a well on the Property; and

5. A reduction in the fair market value of the Property.

After reviewing the summary judgment evidence, we conclude that Griggs has presented no evidence that Famcor breached the Agreement. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (stating no-evidence standard of review). Under the applicable standard of review, the summary judgment evidence does not raise a genuine fact issue as to whether Famcor was a party to the Agreement or otherwise bound by the Agreement; therefore, there is no fact issue as to whether Famcor breached the Agreement. *See Alta Mesa Holdings, L.P. v. Ives*, ___ S.W.3d ___, 14-14-00739-CV, 2016 WL 1534007, at *7 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, no pet. h.); *Interstate Inv. Corp v. Rillo*, No. 01-03-00818-CV, 2005 WL 267663, at *3 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem. op.); *Miles v. Plumbing Servs. of Houston, Inc.*, 668 S.W.2d 509, 512 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Griggs does not point to any evidence demonstrating that Famcor was a party to the Agreement, the document that Griggs claims Famcor breached. The affidavit of Griggs's president, Sharon Lewis, simply asserts that Famcor owns a mineral interest in the Property. Lewis failed to state any facts to support her claim that Famcor owned a mineral interest. Therefore, that portion of her affidavit is conclusory and is not proper summary judgment proof. *See Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 530 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that affiant's statements about opposing party were conclusory). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet.

denied). Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet. (citing *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). According to the Agreement provided by Griggs, Pure Resources was the owner of the mineral interest in 2001. Griggs has provided no evidence to indicate that Pure Resources ever transferred any part of the mineral interest to Famcor or that Famcor is bound by the Agreement even though Famcor is not named as a party in the Agreement.

Because there is no evidence to show that Famcor has any obligations under the Agreement, there is no evidence of any breach of contract. Accordingly, the trial court did not err in granting summary judgment in favor of Famcor as to Griggs's claim for breach of contract.

## CONCLUSION

We affirm the judgment of the trial court.



/s/    Ken Wise
       Justice



Panel consists of Chief Justice Frost and Justices Boyce and Wise.